OPINION of the Court, by
Ch. J, BoYIE.
Wilkin-sou being indebted to M’llvaih in a considerable sum, for the purpose of securing the payment thereof éxecu-ted a mortgage to him of all the lots in the town of Frankfort, to which lie had either a legal or equitable title, and a. tract of land in its neighborhood ; and Wilkinson having failed to pay according to the terms Of the mortgage, M’llvain, upon a bill filed for that purpose, obtained a decree for the sale, of such lots as Wilkinson ll ad a title to, and under that decree was about to sell lot No. 18. To restrain the sale of that lot and obtain a conveyance thereof, Hayden filed Ills bill in chancery against Wilkinson and M’llvain, alleging that he was entitled to the lot by a contract long prior to the nwrt-gage with Wilkinson’s authorised agent, upon the terms of settling and improving the same; that Wilkinson had frequently recognized his right, and that M’llvain had fuH. notice of his claim. The hill was taken for confes-. sed against Wilkinson: M’llvain by hiS answer denied notice of Hayden’s claim; put Mm upon the proof of his contract, and relied upon the statute against frauds and perjuries. The court below decreed the bill to be dismissed ; from which Hayden has appealed to this court.
The case turns exclusively upon the question whether the statute against frauds and perjuries is an available defence or not ? ,
It is contended that it is hot — 1st, Because' as it is alleged the contract between Hayden and Wilkinson was sufficiently reduced to writing to take it out of the influence of the statute. 2d, Because the contract was not for the sale, hut for the gift of the lot. 3d, Because the contract was in part executed by Hayden’s havingset-tíed and improved the lot according to the terms of the Contract. And 4th, Because the bill being.taken for. confessed as to Wilkinson, M’llyairi cannot avail himsteff bf the statute.
* In support of the first position taken against thé opte-"' ration of the statute, the original law establishing the tbivn of Frankfort is relied on as containing within itself the terms upon which the purchases of lots should be made. That law authorised certain individuals to act as trustees within a limited timé, and required them ¾⅜ convey lots sold by tíiím, subject to the condition of *58 settling ai)(| improving the same by the purchasers’. Blit it is marjifest that thátlaw can have no bearing upl on ih^-rase ; not only because the time hail expired, in which the trustees therein named were authorised to act long before the contract in question was. made»' and that to fact it was not made with them nor by their authority, but because the law did not prescribe the terms of purchase, but the condition upon which the purchasers should bold after they had made the purchase. Again, it is urged in support of the first position, that Wilkinson advertised in writing the tends upon which persons of -certain descriptions settling and improving lots should become entitled to them. But it is evident that Hayden does not come within the terms thus offered by Wilkin- ’ son, nor does the contract setup in this case purport to be made upon those terms. It appears in fact that W il-kinson was unablé upon such terms to procure the.settlement of the town; and failing in that project, he was induced to authorise an agent to propose other terms, under which the contract was made by Hayden, But neither the authority given by Wilkinson to liis agent, nor the contract which was made with the agent, appears to have been in writing. Finally, it is urged in support of the same position, that on Ño. 13* in, the original plan of tlie town, Hayden’s name is written in Wilkinson’s own hand writing. But this cdfctainly is , not such a memorándum in writing of the contract as is required hy the statute against frauds and perjuries. It may indeed justify a conjecture that tliere existed some relation between Hayden and the lot; but it cannot, without the aid of'other evidence, warrant the inference that he was the purchaser, or what the terms of purchase were.
The second position taken against the, operation of the statute in this case, is obviously not maintainable. It is not material to decide whether á contract to give land, is within the statute or not: for the contract in this case is clearly hot of that character. The settlement and improvement of the lot, more especially as the place was then a dangerous frontier, was a valuable consideration ; and a contract to part with the lot for a va-luableconsideration, is to all intents and purposes a contract for the sale of it. Were, indeed, the contract without a valuable consideration, it is apparent as there is no relation of blood between the parties, tliere aoultf *59 fee no good consideration to support it ,• and consequently it could not, according to the settled rules of é<piíty, he enforced in a court of chancery. So that if the position could-be maintained, it would hot be availing to the party,:
The third position is one which was ovemded in the* casé of Grant vs. Craigmiles, (vol. 1, 203.) and that de-cisión has been followed in the cases of Greenup vs. Strong, (vol. 1, 590,) Chiles vs. Woodson, (vol. 2, 71,) and Johnson’s devisees vs. M'Connel, (vol. 3, 1.) After such a train ofdecisions, either directly or indirectly . affirming the samé doctrine, we cannot Suppose it-necessary to dilate upon the reasons in ⅞⅛ oftjxe correctness of the principles upon whichthose decisions are-fomided. It may, however, be remarked, ’ that the argument in support of the contrary dbctrine is TMlacious and unsound. It assumes for its premises, that it is the object of the statute to guard against frauds, and that it is fraudulent not to carry into effect a contract which has been in part executed ; find thence Concludes that to make the statute operate upon such a casep would be defeating its object by rendering it the means of protecting, instead of preventing frauds.
But it should,fee recollected that the statute has for its object the prevention of perjuries, as ivéllás fra&ds j ahd iiie danger of perjury, in permitting agreements to ■ he Set up by parol evidence, is equally great, whether such agreements have been in pari executed or not. Besides, it was not fraud in general, but that particular species of fraud which consists in setting up verbal agreements where none were in truth made, or in setting them Up variant in their terms from those, that really existed, which was intended to be guarded'against by the statute, in prohibiting an action from being brought upon an unwritten agreement. - * ,
To permit, therefore, a verbal agreement to; be enforced by suit or action, because it had been in part exfi^ cuted, would neither be pursuing the means the legislature have pi’escribed, nor attaining the objects they had in view, but would in fact be an utter disregard of both.
The fourth and last position contended for on the pari ef Hayden, we are of opinion is also untenable. The bill feeing taken for confessed against Wilkinson, cannot affect the right of M’Hvain: lor the confession of Wilkinson, whether express or implied, after he aliened the lof *60 to M’llvain, cannot, according to the settled rules of ^aw» be used as evidence against the latter. As against him, therefore, Hayden cannot maintain his suit, iiut by resorting'to parol proof; and to permit the suit to be maintained upon such proof, would be in opposition both to the letter and spirit of the statute.
The decree must be affirmed with costs.