OPINION of the Court, by
Ch. J. Boyie.
This was an action of trespass quare clausum fregit. On the trial the court below instructed the jury that to enable the plaintiff to maintain the action, it was necessary for him to shew an actual possession of the premises upon, which the trespass Was committed ; and the only question presented by the assignment of error, is, whether this instruction was correct or not ?
Trespass is in its essence anjnjury done to the possession. A general property in a chattel, as it draws to it *219 tlie possession, is sufficient in general to maintain an action for a trespass done to it; but as the general property in real estate does not thus draw to it the actual possession, it is an established rule, that only the person who has the possession in fact of real estate to which an injury is done, can maintain an action of trespass quarc clausum fregit. — See 6 Bac. Abr. 566, and the cases there cited.
This is admitted on the part of the appellant to be the doctrine of the common law; but it is contended that the rule in this respect lias been changed by the act of assembly of 1812, authorising actions of trespass to be brought and prosecuted in certain cases. But most clearly there is nothing in the act referred to which can justify the conclusion attempted to be deduced from it: for its provisions relate exclusively to the nature of the title with which the land is held; and not to the possession of the land ; or in ocher words, the.act purports to give an action of trespass, not to a person not having the possession, but to a person having but an equitable or inchoate legal title, and evidently presupposes the existence of the other requisites to maintain the action. It is true that the act thus understood is but in affirmance of the common law ; but it is known that previous to the passage of the act in question, it was a matter of much doubt with some, whether a person in possession under such an imperfect title, would not be considered in the light of a mere intruder, amLcould not therefore maintain an action of trespass. And the obvious intention of the legislature was to prevent the mischiefs which would have resulted from such a state of things.
Judgment affirmed with costs.