The Chief Justice
delivered the opinion.
Tins was an action of trespass quare clausumfregit, bro’t by Carriue, for the use of the Low Dutch reformed church of Mercer county, against Westerfield, for breaking open and entering a meeting house, or church, which the plaintiff alleges to be in his possession.
The cause was tried upon the plea of, not guilty. Qa the trial, the plaintiff produced, and read in evidence, a deed of bargain and sale, from David Adams and wife, to himself and two others, as agents and overseers for the Low Dutch reformed church of Mercer county, for a small piece of ground, upon which the meeting house in question was built: and an instrument of writing denominated, “Articles of the Low Dutch refor ed .church for Mercer county;” and proved that the meeting house was built by subscription by the members of tbe Low Dutch reformed Church, about tbe year 1800: that the defendant was one of the members of said church at the time of erecting the meeting house, and contributed to build the same; that since that time, he, and several others of that church, hafi brollen off and joined tbe JHaydenites, or Christians: that said meeting house, from tile time of its erection until broken by the defendant, had been used as a house of worship, by tbe Low Dutch reformed church: that tbe reverend Thomas Kv.le had been the clergy man for said congregation for many ytars, and had preached almost everyr Sunday in said house: that within the last year or two past, said church had displaced Vlr. Kvte. and ¡he consistory, or heads of said church, liad invited and received the rev. *332 Thomas Clelland to preach to them once a month: that *-hey kept the doors of said bouse locked, except at tbe> time of divine service: that some short time before the bringing this action, the defendant broke the lock of the door of said meeting house, and entered therein: that the day upon which the defendant broke and entered as aforesaid, the people denominated Havdenites or Christians, had assembled at said meeting house for the purpose of divine worship: that the managers or superintendents of the Dutch reformed church, refused to permit the Haydenites, or Christians, to worship in said house: that at the time said house was broken, the weather was good, it being in the fall of the year; and that there was a stand, some short distance off, at which divine worship was frequently held;that the meeting above mentioned, was on Saturday, and a sacramental occasion, it also appeared that the plaintiff was the only surviving bargainee named in the deed from Adams and wife, the others having departed this life; and that the plaintiff, at the time of the trial, and for several years past, had resided in Shelby county, but had some times attended meeting at the house in question, and when he did attend, he communed with the church. Here the plaintiff rested his case; and the defendant, thereupon, moved the court to instruct the jury, that the plaintiff could not recover, unless they believed, from the evidence, that the plaintiff was in the actual possession of the bou se at the time the trespass was committed; whereupon, the court instructed the jury, that it was necessary for the plaintiff, in order to support the action, to shew that he had the possession of the premises, and that the locking up the house, and occasionally using it as a meeting house, was not, in the opinioa of the court, such a possession as would support the action. To this instruction of the court, the plaintiff excepted; and a verdict and judgment having been rendered against him, he has appealed to this court.
sessSorTis'tn. dispensable <o the main-auare clau mm fregif.
Whether the circuit court erred in the instruction given to the jury, is the only quest ion material to be decided. In the instructions, two propositions are asserted, 1st: that to enable the plaintiff to support the action, it was necessary ^or hi® to shew, that he bad the possession in fact of the premises; and 2nd: that locking up the house, and occasionally using it as a meeting house, was not such a pos-
Of the correctness of the first of these propositions* *333 there is no room to doubt. Ihe role has been long and well established, that only the person having the possession in fact of the real estate to which an injury has been done, can maintain the action of trespass quare claummfregit, a general property not being sufficient in the case of real estate, as it is in the case of personal, to support this acr tion. Hence, it is held, that the landlord cannot maintain this form of action for an injury done to tbe estate while in ' the possession of his tenant, 1 Johnson, 511. Nor can an heir do so, for an injury done to lauds which have descended on him, before he has, by entry, acquired the possession in fact, Plow. 142. Nor a bargainee, before entry and actual possession, Cro. Jac. 604. Nor can a patentee maintain such action before entry, Walton vs Clarke, 4 Bibb, 218. And if a man who once had tbe possession of real estate, quit it, or be deprived of it, he cannot maintain an action of trespass quare clausum fregit, for an injury thereafter done to tbe estate, until he has acquired the possession by reentry, 6 Bac. Ab’r. Tit. Trespass, letter C. In short, the whole current of authorities run in tbe same channel, and we are aware of no solitary case, either ancient or modern, in which it has been held, that a right to real estate, without an actual possession, was sufficient to support this form of action.
But to render a possession actual.it is sufficient if the property is occasionally used for th’ appropriate purposes: a pasture for grazing; a church for divine worship.
But we cannot concur with the circuit court in tbe second proposition asserted by that court in tbe instructions given to the jury. The actual use or enjoyment of a thing is the highest evidence of the possession of it; and when, from the nature of the thing, it can only occasionally be used, as is the case of a meeting house, the enjoyment of it, as the occasion shall require, with an unceasing intention so to enjoy it, must amount to a continued possession. Where there is an enclosure for the mere purpose of pasture, which can only be used at proper intervals, it never has been supposed that the continuity of the owner’s possession, was interrupted at the intervals in which his cattle were not actually grazing within the enclosure; and it would be no less absurd to suppose, that there was an interruption of the possession in a case like the present, where there was a constant use of the thing as occasion required, according to the purposes for which it was intended.
It is true, that the plaintiff in this case, had removed from the county of Mercer to such a distance, that he was jot in the constant habit of resorting to'the meeting house *334 when used as such, but he was the trustee of those wbf m re in the habit of using it, and their possession must be construt-d to be his possession.
'I be judgment roust be reversed with costs, and the cause be re ttanded for new r>rotcodings to be bad, not iuconsut-ent rvitb the foreguing opinion.