Judge Simpson delivered
tlie opinion of tlie Court — Judge Graham did not sit in this ease.
This was an action of ejectment, brought by the appellants against the appellees. The following facts were established upon the trial: That the plaintiffs’ lessors were the heirs of Elizabeth Bradley, deceased ; that the said Elizabeth, during her lifetime, intermarried with Levin Bradley, and having given birth to a child, died leaving the child alive, who died four or five years after its mother; that the land in contest belonged to the said Elizabeth at the time of her marriage, having descended to her from her father, Edward Neely, deceased; and was, at the time of the marriage, and during the whole period of the coverture, in a wild and uncultivated state, the growth of timber upon it not having been disturbed. Bradley sold the land after the death of his wife, and his vendees and those claiming under them, who are the appellees, have been in possession, under the purchase, for several years clearing and cul *49 tivating it. No person whatever was adversely possessed of the land during the coverture, nor any other title to it heard of by the witnesses, except the title of the wife. The husband had paid the taxes on it from the time of the marriage until he sold it. But there was no proof that the wife had actual possession of it at the time of the marriage, or that the husband had entered upon it or acquired the actual possession of it, at any time during the coverture. The husband was still living.
The question iot decision,
Vanarsdale vs elstin^'ufshed from this,
The parties, by consent, dispensed with a jury and submitted the whole case to the Circuit Judge, who decided in favor of the defendants in the action, and from that decision the lessors of the plaintiff have appealed.
The only question is, whether the husband, after the death of his wife, was entitled to the land as tenant by the curtesy? As there was no actual seizen of the land, by the wife or the husband during the coverture, it is plain that he was not tenant by the curtesy, if actual seizen be requisite to the creation of the estate. It is not denied that actual seizen was necessary tor this purpose at common law, but it is contended that no such necessity exists in this state, in the case of lands which are wild and uncultivated; and we are referred, to the decision of the Supreme Court of the United States: (1 Peters, 507,) and to the decision of the State of New York : (8 Johnson’s Report, 271,) in support of this position.
The same question was made in this Court in the case of Vanarsdale vs Fountleroy’s heirs; but, as in that case, the husband had acquired the actual possession of the land, during the coverture, by his vendee, who had entered and taken possession of it by the authority of the husband, which was deemed sufficient to perfect his title as tenant by the curtesy, it was not considered then necessary to decide it. And although the Court in that case stated, arguendo, that one of the reasons that existed at common law for requiring actual seizen, by the husband, of the wife’s land during coverture, viz: to enable the heir to take the estate after the death *50 of the wife, by descent from her, did not exist in this State under our law of descents, yet it was not intimated in that opinion that such seizen was dispensed with; but, on the contrary, a reason was given why the husband is required, in this State, to take the lands of his wife into aciual possession, viz: to strengthen her title to them, and to protect them from intrusion and from a hostile possession which might, by its continuance, endanger her right. This reason exists in full force, and „ under the course of decisions in this State, in relation to the possession of real estate, makes an actual possession indispensibly necessary to the attainment of the object contemplated.
A patent does not give to the patentee actual, but a legal seizen only. (2 Bibb, 412: 4 lb. 57.)
Trespass cannot be maintained upon a legal seizen nor a wiit of right, nor ft rcible entry and detainer.
It is-the duty ot the husband to strengthen the title of the wile to her lands by possession, if he fails to do so during the coverture he is not tenant by the cur.-
Actual possession is necessary to maintain trespass : Walton vs Clark, (4 Bibb, 218.) A patent from the Commonwealth does not invest the patentee with actual seizen, but only a seizen in law: Steward’s devisees vs Crawford, (2 Bibb, 412,) Speed vs Buford, (4 Bibb, 57.) These doctrines have uniformly governed the decisions of this Court wherever they were applicable.
Now, unless the husband acquires actual possession of the lands of his wife, no action can be maintained against a trespasser, the injury committed by him has to go unredressed. An action of ejectment can be brought upon the right of entry, but a writ of right cannot be maintained unless there has been actual seizen, nor will a writ of forcible entry lie, unless there has been a possession, in fact, of the land claimed in the writ. The protection of the land from injury, and the speedy removal of a wrong doer from an illegal possession of it, by a writ of forcible entry, requires that the husband should have it in actual possession by himself or lessee.
And in this State, where there are so many conflicting claims to land, originating out of the mode in which the public lands were appropriated and titles to them acquired by individuals, it becomes very important to the claimants to have their lands reduced to actual possession, for the purpose of strengthening their titles against adversary claims.. Actual possession might reiv *51 dei’ the title of the wife valid, even under a junior patent, if continued a sufficient length of lime. And where she holds under the elder patent, such possession , , . ‘ , may be necessary to the security of her title, as there may exist an elder inchoate title by entry, although the patent may be a junior one. So long as the land remains unoccupied, and not reduced into actual possession, the lapse of time has no effect in strengthening the title of the wife, or creating a bar to an adverse and hostile claim. It is therefore the duty of the husband, to enable him to protect the land from injury, and for the purpose of fortifying the title of his wife, to take it into actual possession. The wife being disabled, by coverture to doit herself, the law devolves the duty on the husband, and if he fails in its performance, he has no interest in the land upon the death of the wife. The uniform course of the decisions in this Court, therefore, has been to regard actual seizen, by the husband during coverture, as necessary to entitle him to an estate in the land of his wife after her death, as tenant by the curtesy.
tesy after the of the wife.
The doctrine of n8W Yoik and uíPs?con¿raí0llIt
The doctrine of the Supreme Court of the United States is, that the title to waste and uncultivated, lands draws to it the possession, and that the patentee, without any actual entry thereon, is deemed in possession, so as to be able to maintain a writ of right, or an action of trespass for entering upon the land and cutting the timber. The same doctrine is held by the New York Courts, and the consequence is, that if the wife be the owner of waste uncultivated lands, not held adversely, she is deemed seized, in fact, so as to entitle her husband to his right of curtesy. This doctrine, however, is in direct conflict with that W'hich has been settled by this Court, and which has uniformly governed it in its decisions upon the same subject. The principles of the common law have been adhered to by it. No distinction has been made between cultivated lands and those that remain in a state of nature. A person acquiring title to lands, by descent or devise, or deed of bargain and sale, has no possession, in fact, before en *52 try. The title gives him or her a legal, but not an actual seizen. The patentee of wild uncultivated lands, although they are vacant, and not held adversely, is not, for any purpose, deemed seized in fact, before entry. He cannot even maintain trespass for entering upon the land and cutting the timber, tie has a right of entry, but the exercise of this right is necessary to invest him with a full and complete title, which consists in the actual possession, and right of possession, and right of property combined.
Wilkins and W. L. Underwood for appellants; Grider for appellees-
The Supreme Court of the United States, and the Courts of New York, having settled the principle that the owner of waste lands is deemed possessed in fact, for certain purposes, before entry, it followed, as a necessary consequence, that when the wife owned lands of that kind, the husband, without having made an actual entry, was held to be seized, in fact, and entitled to his curtesy. In this State where a contrary principle has been established, and the owner of uncultivated lands is held not to have a possession, in fact, until it be acquired by entry, a different result is necessarily produced, and where the wife is the owner of lands of that description, of which she is not possessed, in fact, at the time of the marriage, the husband has no right to curtesy, unless he enters and acquires the actual possession during covenure. A different decision of the question would be virtually a departure from the settled doctrine of this Court upon the subject of legal and actual seizen of land, and the necessity of an entry by the owner to acquire the latter.
We are therefore of opinion, that upon the facts in this case, the husband, after the death of the wife, was not entitled to curtesy in the lands sued for.
Wherefore the judgment is reversed and cause remanded for a new trial, and further proceedings consistent with this opinion.