Judge Hise
delivered the opinion of the Court.
Judith H. Young, on the 13th of September, 1815, conveyed to her son, Willoughby Young, a tract of land in Mason county, by a deed of gift, setting out a merely nominal consideration, which contains a reservation expressed in the following terms:
“And it is further understood and agreed between the parties, that the said Judith H. Young is to reside on the land during her life, or so long as she may think proper.”
Willoughby Young, the conveyancee, died, (his mother surviving,) and left one child only, (a daughter,) Ann Maria Young, who intermarried with George M. Proctor. George M. Proctor and his wife, after the death of Willoughby Young, conveyed the same land to W. H. Power by deed, dated October 2, 1840. Power and wife then re-conveyed the land to G. M. Proctor, by deed dated the 25th of March, 1841.
Proctor, by this device of the conveyance to Power, and of Power’s re-conveyance to him, supposing that *434 he had' invested himself with his wife’s title to this land, conveys the same land to the complainant, Wm. Mackey, by a deed of mortgage dated 28th July, 184!, to secure him against liabilities incurred and that should be incurred by Mackey for Proctor.
A conveyance by an In Ian L feme covert is void.
A mother conveyed to her son a tract of land, reserving to herself “ the right to reside on the land during her life, or so long as she may think proper;” the son died, the mother still living, leaving an. infant daughter, his only child, who married, & willi her husband, she being still an infant, united in a conveyance of the land; it is re-conveyed to the husband of the daughter, who makes a mortgage of il; and again the husband and wile make a second mortgage, the latter being still an infant, the mother,who first conveyed, being still living. Suit brought to foreclose the mortgages. The infant feme covert answeis, setting lip and relying upon her infancy, and dies; her children, being infants by guardian ad litem, rely upon the same ground of defence.— Held, that Ihe life estate of the first grantor still existing, that the husband of the heir oí the first grantee, who made the mortgage, never was seized — was not tenant by the curtesy, and that there was no interest upon which the mortgage could operate, and that no title passed by deed or mortgages.
*434 And again Proctor and wife conveyed the land to William Mackey and John M. Duke, jointly, by a deed of mortgage dated 15th of February, 1842, to secure them in their liabilities as sureties for Proctor.
At the date of these conveyances to and from G. M. Proctor, Ann Maria, his wife, who was daughter oí Willoughby Young, deceased, was an infant and under twenty-one years of age; and Judith H. Young, from whom the title can only be derived, was living.
Mackey institutes this suit in chancery to enforce his lien upon the land, alleging that he had paid a large amount of money as surety for Proctor, and demanding a foreclosure of his mortgage. John M. Duke becomes a party to the suit, and concurs with Mackey in prosecuting the same against Proctor and his wife and Judith Young and others, demanding that the land be sold, and claiming rents and profits. Before the suit is finally terminated, Ann Maria dies, and the1 suit is then by bill of revivor prosecuted against her two infant children. In the further progress of the suit Judith PJ. Young, who had thus survived both her son Willoughby Young, and her grand-daughter Ann Maria Proctor, also dies, her administrator is by amended bill made a party.
Ann Maria Proctor, previous to her death, filed her separate answer, and relied upon her infancy to avoid the deed to Power and the mortgage to Mackey and Duke, and after her death her children, by their guardian ad litem, answer and insist -upon their title to the land and the invalidity of the deeds which their mother had been induced to execute whilst she was an infant.
Upon the state of case as presented, Proctor never had any right or title, to the land in contest to convey to Power, Mackey, or Duke. It is clear that, as Mrs. Proctor was an infant at the date of the deeds, which *435 she concurred with her husband in executing.' And as she repudiated those deeds by answer in her lifetime, and her children since her death pleading her infancy, they could not pass to the complainant her right to the land, whether it was an absolute fee simple estate, or a remainder in fee, upon the termination of her grandmother’s life interest. Her infancy was plead and relied upon bjr her in due time whilst she lived, and by her infant children after her death. If Proctor’s wife had a present absolute estate in fee to the land, as he had issue by her, then, if the wife had been actually seized or possessed of the land during her marriage, Proctor would, in such case, have acquired an estate in the land during his own life as tenant by curtesy. But it is very questionable, from the proof in this cause, whether there liad been at any time after the1 death of Willoughby Young, and before the death of Mrs. Proctor, any such actual seizen -during the coverture by Proctor and wife, or either of them, as in legal contemplation is necessary to invest the husband with cur-tesy in the land. But this very doubtful question of fact need not be determined in this case, the one way or the other, as by the reservation in the deed from Judith Young to her son Willoughby, expressed in the language above quoted, she retained an estate in the land, or a right thereto, for and during her own life. It would be a very narrow and unreasonable construction of the words used, to make them mean that she retained only the right to breathe, live and stay on the land, in a house, her privileges limited to the mere circumference of Jter dwelling, and that her right even to this limited extent, to be forfeited by failure to continue such actual residence on the land. This land was given by the mother to her son voluntarily; but she reserves the right in the deed to reside on it during her life, or as long as she thought proper. This reasonably imports that she retains the use and occupation — the right to have and enjoy the land — not a small part or fraction thereof, but. the land conveyed — that, is, the whole *436 land, during her life. Willoughby Young, by the deed, therefore, did not acquire any right to the actual possession and immediate use and occupation of the land, but an interest in remainder, or an estate in fee, to take effect after his mother’s death. At all events, Wil-loughby Young did not take such a present right and interest by said deed, nor did any such immediate estate or right to the land pass by inheritance to his daughter, Ann Maria Proctor, as that there could be such seizen thereof during the lifetime of Judith PI. Young as would invest G. M. Proctor with curtesy in the land ; and because the life estate of Judith H. Young in the land continued after the coverture of Proctor and wife had ceased by reason of the death of the wife. Judith PI. Young, surviving G. M. Proctor, under whom the complainant holds and claims, never was and never could bé entitled to curtesy in the land. (See Archbold’s Blackstone, 124; 4 Kent’s Commentaries, 29.)
A husband of tenant in remain, der held not to have such seizure during the pendency of the life estate as to mahe him tenant by the curtesy.
Taylor and Waller for appellant; Hord for appellee.
The decree of the Circuit Court, of May, 1846, and of March, 1851, both being approved by this Court, and consistent with this opinion, it is not necessary to decide the question presented in the pleas filed; and issue made up in this Court, whether it be final or interlocutory, the decree of May; 1846, not being in conflict with the final decree rendered in the cause; and both being rendered in conformity with the views of this Court, the same are affirmed.