CASE 10—PETITION EQUITY—OCTOBER 4.

# Cornwall & Maize vs. Eastham, &c.

### APPEAL FROM GREENUP CIRCUIT COURT.

A director of a corporation organized under an act to authorize the forma-
tion of corporations (2 *Rev. Stat.*, 517), who has given notice as pro-
vided by the 16th section of that act, will be liable for debts, subse-
quently created by the corporation, beyond the capital stock of the
company, with his assent, express or implied.

W. R. THOMPSON,                                For Appellants,.
                          CITED—
2 *Rev. Stat.*, 516.

ED. F. DULIN,                                  For Appellees,.
                          CITED—
2 *Stant. Rev. Stat.*, 576–7–20–1–2.
*Code, section* 38–9.

WADSWORTH,                                     For Appellees,
                          CITED—
2 *Rev. Stat.*, 521.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

The Kentucky Coal Oil Company, consisting of John
Cornwall, William Cornwall, John Cairnes, Thos. Maize,
and Nicholas Fury, as the only stockholders, with a
capital of $17,000 all paid in, was organized on the
5th of June, 1858, at Ashland, Kentucky, under, and ac-
cording to the provisions of, "An act to authorize the
formation of corporations for manufacturing, mining,
transporting, mechanical, or chemical purposes." (2
*Stant. Rev. Stat.*, p. 517.)

John Cornwall, Maize, and Cairnes, were appointed
directors, and the latter was also made president; and
VOL. II—36

the company did business under that direction until January, 1859, when Cairnes was deposed, and on the 15th of that month John Cornwall, according to the proviso in the 16th section of said act, recorded in the proper county court office notice that the indebtedness then exceeded the capital $268, and stating his objection thereto.

So much of the 16th section and its proviso as is material in this case is as follows: "If the president and directors of any such company shall contract debts beyond the amount of the capital stock thereof, they shall be individually liable, jointly and severally, to the creditors of the company for such excess : *Provided,* That if any director shall object to contracting such debts, and shall, as soon as may be after the fact comes to his knowledge, file his objection in writing with the secretary of the company, and with the clerk of the county wherein the company is located, he shall be exempt from such liability."

After Cairnes had been deposed, Maize acted as president, and John Cornwall and another as directors, until July, 1859, when the business was closed, and the debts amounted to more than $22,000, and, consequently, exceeded the capital more than $5,000.

Afterwards, the appellees, Haskell & Co., and the appellee, Eastham, brought several suits against. the company for separate debts, contracted since January, 1859, and, by amended petitions against the appellants, Maize and John Cornwall, claimed judgments against them personally. These suits being consolidated, judgments were rendered in favor of each of the parties plaintiff against these defendants for a less aggregate sum than $5,000.

The only question we shall consider as essential, is whether the appellants are, on the facts and the law, personally liable to creditors of the company to the extent of the excess created since January, 1859.

Such liability, as urged in argument, does not result from the 13th *section of the statute* providing for workmen, because, were it admitted that the debts of the appellees were for work as contemplated by that section, the closing sentence of the section exonerated the directors from liability for any such debt after the capital had been paid in; "but after the full payment of the capital stock and the certificate thereof, as herein provided, the liability of the stockholder, *as provided in this section*, shall cease"—constructively includes liability to workmen, because it applies to all kinds of liabilities mentioned in that section.

But it seems to us that the judgments are sustained by the 16th *section*.

As Maize did not sign the protest of January, 1859, he can have no claim to exemption on account of that notification. Nor can that protest, though it may be constructively prospective against any future debt beyond the capital, exonerate Cornwall from individual liability to the appellees if it shall appear or be presumed that these debts were contracted with his concurrence or sanction. And we think that such presumption is reasonable and strong. His removal of Cairnes and substitution of Maize as the president, and his still continuing his own official agency and responsibility as a necessarily more vigilant and active director; his co-operation in still carrying on and extending the business; his presumed knowledge of the extension of the company's credit further beyond its capital as necessary to the continued operations, and,

consequently, his knowledge of the fact that it *was* so extended, and his failure to certify any objection, or to prove that he did not concur in or approve the contraction of the debts to the appellees, participating, as he must be presumed to have done, in the new administration of the company's affairs under his own chosen auspices—these considerations sufficiently conduce to the presumption that these debts were contracted at his instance or with his sanction. His personal liability results as a matter of law, and may be enforced as in this case, without inquiring for other creditors, or requiring them, if there be any, to be made parties. This is not the case of a general assignment; but his liability is several to each creditor, who, according to the nature of the case, and the *18th section of the statute,* may maintain a separate suit.

Wherefore, the judgment of the circuit court is affirmed.