MARY BEATRICE CAMPBELL BECKLEY *v.* CECIL BROWN, HEINRICH MARTENS VON HOLT AND ALBERT NEWTON CAMPBELL, TRUSTEES UNDER THE LAST WILL AND TESTAMENT OF JAMES CAMPBELL, DECEASED.

RESERVED QUESTION FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED SEPTEMBER 18, 1911.          DECIDED SEPTEMBER 22, 1911.

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

INFANTS—*female infant—marriage of—disability.*
> Notwithstanding the marriage of a female infant her disability of minority continues until she attains the age of eighteen years.

OPINION OF THE COURT BY DE BOLT, J.

On August 10, 1911, the plaintiff filed her bill in equity for an accounting and distribution against defendants, trustees under the will of James Campbell, deceased, to which bill, on August 12, the defendants filed a plea in abatement alleging that the plaintiff "is not yet eighteen years of age and will only attain the age of seventeen years on the 12th day of October, 1911," and inasmuch as the proceedings were not brought on behalf of the plaintiff by a next friend or other representative legally entitled to act on her behalf, they pray judgment of the writ and bill, and that the same may be quashed. The record also shows that the allegations in the plea in abatement as to the age of the plaintiff are true, and that the plaintiff was legally married to George C. Beckley on August 1, 1911, "and is now his wife."

The circuit judge has reserved for the consideration of this court the question whether or not the plea in abatement is good in law and should be sustained. In other words, was the plaintiff's disability of minority removed by her marriage?

At common law the disability of minority of females, as well as males, continued until the age of twenty-one years. 16 Am. & Eng. Ency. Law, (2 ed.) 258, 262; 22 Cyc. 511, 517, 518;

*De Antonio* v. *Miller,* 21 L. R. A. 699. Under section 2285, R. L., such disability as to females continues in this Territory until the age of eighteen years.

Section 2285 reads: "All male persons residing in this Territory, who shall have attained the age of twenty years, and all females who shall have attained the age of eighteen years, shall be regarded as of legal age and their period of minority to have ceased."

The language of the statute with regard to the attainment of legal age is general and applies alike to "all females," whether married or unmarried. There is no exception in favor of those who may marry before attaining the age of eighteen years.

If the disability of minority continues as to a female until she attains the age of eighteen years, notwithstanding her marriage before she arrives at that age, and we are clearly of the opinion that such disability does so continue, it follows necessarily that the plaintiff did not possess the necessary legal capacity to institute this suit and she cannot maintain it. This view accords with reason and authority. 10 Ency. Pl. & Pr., 594, 595; *O'Hara* v. *MacConnell,* 93 U. S. 150, 151; *In re Daggett,* 3 Pick. 280; *Wood* v. *Wood,* 2 Paige 108; *Alexander* v. *Davis,* 26 S. E. 291; *Clark* v. *Anderson,* 73 Ky. 99, 112; *Bool* v. *Mix,* 17 Wend. 119, 129, 130; *Schrader* v. *Decker,* 9 Pa. 14, 16; *Scranton* v. *Stewart,* 52 Ind. 68, 88, 91; *Sims* v. *Bardoner,* 86 Ind. 87; *Harrod* v. *Myers,* 21 Ark. 592; *Mackey* v. *Proctor,* 51 Ky. 433; *Porch* v. *Fries,* 18 N. J. Eq. 204.

Under section 2255, R. L., which provides that "a married woman may sue and be sued in the same manner as if she were sole," it is also urged that the plaintiff, by reason of her marriage, had the legal capacity to institute this suit. It will be observed, however, that the statute does not purport to change the capacity of the woman, but merely provides that she "may sue and be sued in the same manner as if she were sole." In this respect her capacity remains the same until otherwise changed. The plaintiff when "sole," by reason of her minority,

Beckley v. Brown, 20 Haw. 596.

did not possess the necessary legal capacity to bring this suit without a next friend or other proper representative. That incapacity remains, notwithstanding the marriage, and still she can "sue and be sued in the same manner as if she were sole." In other words, the statute removes the disability of coverture, but not that of infancy.

While it is true that section 2322, R. L., provides that "the marriage of any female who is under guardianship as a minor, shall operate as a legal discharge to her guardian" (*Ex parte Frank Pahia*, 15 Haw. 575), it by no means follows that such discharge of guardianship operates as a removal of the disability of minority.

The plea in abatement, in our opinion, is good in law and should be sustained. The question reserved, therefore, is answered in the affirmative.

*G. A. Davis* for plaintiff.

*Holmes, Stanley & Olson* for defendants.