## Parsons, et al. v. Justice.

(Decided March 26, 1915.)

### Appeal from Pike Circuit Court.

1. Land—Evidence.—In an action by the children and husband of a deceased married woman to recover an undivided interest in land, evidence examined and held that a deed purporting to have been signed and acknowledged by herself and husband was signed and acknowledged by them.

2. Deeds—Married Woman—Omission of Names as Grantors—Effect. —The deed of a married woman, though signed and acknowledged by her and her husband, is ineffectual to pass title where she and her husband are not named as grantors in the body of the deed.

3. Adverse Possession—Joint Tenants—Notice of Adverse Holding. —A deed from one joint tenant to another is sufficient notice of the latter's adverse holding.

4. Husband and Wife—Estate by the Curtesy.—Where a wife owns a remainder interest in land, subject to the life estate of her mother, who continues in possession thereof during her life time, there is no such seisin during the life estate as will make the husband a tenant by the curtesy.

5. Husband and Wife—Tenant by the Curtesy—Lands Adversely Held.—Where, during the coverture and at the death of the wife, there is no actual seisin by the wife or husband, or anyone else for her use, but during such period of time her lands are in the actual adverse possession of another, the husband is not entitled to an estate by the curtesy.

6. Limitation of Actions—Real Property—Infants.—An action for recovery of real property is required to be brought within fifteen

years after the right accrues. If, however, the person to whom the right accrues be an infant at the time, then such person, or the person claiming through him, may, though the period of fifteen years has expired, bring the action within three years after the time such disability is removed.

7.  Limitation of Actions—Infants—Joint Right of Entry.—If a joint right of entry descends to heirs who are all under the disability of infancy at the time their right of action accrues, they all fall within the saving of the disability statute.

Limitation of Actions—Real Property—Infants.—Where a right of action for the recovery of real property accrues to infants in the year 1891, and an action for the recovery thereof is not brought until the year 1912, or twenty-one years after the right first accrued and more than three years after the disability of the youngest child was removed, the action is barred by the statute.

STRATTON & STEPHENSON for appellants.

J. J. MOORE and JOHN F. BUTLER for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Richard C. Parsons, husband of Sarah Parsons, deceased, and John Parsons, Reuben Parsons and Richard Parsons, children of Sarah Parsons, brought this action against W. H. Justice to recover an undivided one-ninth interest in a tract of 85 acres of land located in Pike County, and to have the land partitioned. Being denied the relief prayed for, they appeal.

The facts are these: During the year 1872 Reuben Thacker, Sr., died intestate the owner of a large boundary of land in Pike County. He left surviving him a widow, Malinda Thacker, and nine children. By appropriate proceedings had in the year 1874 all the decedent's lands, with the exception of a tract containing about 85 acres, which was assigned to the widow as dower, were partitioned among the children. After these proceedings were had William A. Thacker (known as Ep Thacker) and Reuben Thacker, Jr., proceeded to buy the remainder interests of the other children in the dower tract. Ep Thacker claimed, prior to the year 1877, to have purchased the interests of his brother John A. Thacker and his sister Sarah Parsons. On February 12, 1877, Reuben purchased from Ep the latter's interest by a written contract by which the latter acknowledged payment of the entire purchase price, and agreed

to make a deed. The writing does not describe the interest Ep claimed, but the consideration of $200 is shown to be more than the probable value of one share in the dower tract. Reuben acquired the interests of his other brothers and sisters, with the exception of Elisha. The latter sold his undivided interest to Abner Justice. After the death of the widow, which occurred in 1884, Abner Justice's interest was set apart to him, and is not now in controversy. By deed dated May 16, 1878, and not acknowledged until during the month of January, 1879, six of the nine children of Reuben Thacker, Sr., conveyed their interest in the dower tract to Reuben Thacker, Jr. This deed was duly recorded in Pike County, but the original deed has been lost. The recorded deed shows that Sarah Parsons and her husband, Richard C. Parsons, signed and acknowledged the deed, though their names do not appear in the deed as grantors. There is some evidence to the effect that the record had been tampered with and the names of Sarah and John Parsons written over the name of Thacker. Richard C. Parsons claims that neither he nor his wife ever signed or acknowledged the deed. The deputy clerk says that he took the acknowledgment of Sarah and Richard Parsons, but took them when their son, John Parsons, was a half-grown boy. He further says that he is confident that the names of Richard and Sarah Parsons appeared in the body of the deed.

The evidence further shows that after the death of Reuben Thacker, Sr., Reuben Thacker, Jr., lived with his mother on the dower tract. She died in 1884. After the death of his mother, Reuben continued to reside on and cultivate the whole of the dower tract, with the exception of that portion set apart to Abner Justice. On July 22, 1895, Reuben sold the dower tract to defendant, W. H. Justice. The consideration was $4,500. Sarah Parsons died in the year 1891. Though she and her husband lived within a few miles of the dower tract, they never at any time claimed or asserted any interest in the tract. Reuben Thacker, the eldest child of Sarah and Richard C. Parsons, was born in the year 1878 or 1879. The record does not show when the second son, Richard, was born, but does show that the next child, John, was born in the year 1884 or 1885. This action was brought in the year 1912, or 21 years after the death of Sarah Parsons. At that time her oldest child was 33 or 34

years of age, while her youngest was about 28 years of age.

The chancellor held that Sarah Parsons and her husband actually signed and acknowledged the deed on May 6, 1878. We see no reason to dissent from this conclusion. In view of the fact that the clerk's certificate shows that Sarah and her husband actually acknowledged the deed, it is very probable that the writing of their names over the name of Thacker was due to the fact that the deed was signed by a number of the Thackers, and that the clerk wrote the additional Thacker names instead of the names of Parsons. This conclusion is confirmed by the fact that neither Sarah nor her husband was ever shown to have laid any claim to the dower tract after the execution of the deed. It is, therefore, probable that having sold their interest to their brother Ep, they merely joined in the deed for the purpose of passing the legal title. However, inasmuch as Sarah Parsons and her husband were not mentioned in the body of the deed as grantors, the deed to Reuben Thacker, which they merely signed and acknowledged, was ineffectual, and vested no title in him. Hatcher v. Andrews, 5 Bush, 561; Beverly v. Waller, 115 Ky., 600; Webber v. Tanner, 26 K. L. R., 1108, 64 S. W., 741. As Malinda Thacker had a life interest in the 85 acres of land, and the interest which Sarah Parsons and her husband attempted to convey was only a remainder interest, to take effect after tne death of their mother, Reuben Thacker's possession did not become adverse until the death of his mother. When she died his possession did become adverse, even though he and Sarah were joint tenants, for the reason that the deed itself was notice of his adverse holding. As Sarah Parsons was entitled only to a remainder interest in the land, to take effect on the death of her mother, who had actual possession of the land, there was no such seisin during the life of her mother, who died before her, as would give the husband a curtesy interest in the land. Mackey v. Proctor, 12 B. Mon., 433; Moore v. Calvert, 6 Bush, 356; Maupin v. Maupin, 110 S. W., 840, 33 R., 658; Hunt v. Phillips, 105 S. W., 445, 32 R., 257; Stewart v. Barclay, 2 Bush, 564; Carter v. McDaniel, 94 Ky., 564. After the death of Sarah Parsons' mother, the life tenant, neither Sarah Parsons nor her husband, John Parsons, nor anyone else for Sarah Parsons' use, ever had actual seisin of the land in con-

troversy. On the contrary, during the remainder of Sarah Parsons' life and at her death the land was in the actual adverse possession of Reuben Thacker, and ever since that time has been adversely held by him and his grantee, W. H. Justice. It follows that there was no such seisin of the land during the coverture of Sarah Parsons or at her death as would vest in John Parsons, the husband, an estate by the curtesy. Conner v. Downer, 4 Bush, 63; Petty v. Malier, 15 B. Mon., 591; Stinebaugh v. Wisdom, 13 B. Mon., 468; Neely v. Butler, 10 B. Mon., 48; Hopper v. Demarest, 21 N. J. L., 525; Baker v. Oakwood, 49 Hun. (N. Y.), 416. As Richard Parsons never became a tenant by the curtesy in the land in question, it follows that the land did not descend to his and Sarah's children, subject to his life interest therein, but vested absolutely in them on the death of their mother in 1891. That being true, the statute of limitations began to run against the children from that date. An action for the recovery of real property is required to be brought within fifteen years after the right first accrues. If, however, the person to whom the right accrues be an infant at the time, then such person, or the person claiming through him, may, though the period of fifteen years has expired, bring the action within three years after the time such disability is removed. Kentucky Statutes 1915, Secs. 2505-2506. If a joint right of entry descends to heirs who are all under disability of infancy at the time their right of action accrues, they all fall within the saving until the disability is removed from all. Simpson v. Shannon, 3 Mar., 461; Riggs v. Dooley, 7 B. M., 236. When the right of action accrued to Sarah Parsons' children in the year 1891 the youngest child was six years of age. The fifteen-year statutory period of limitation expired in 1906. At that time the youngest child was twenty-one years of age. The children had three more years within which to bring suit. They did not bring suit within that time, but waited until the year 1912. Hence their right of action is barred by the statute.

Judgment affirmed.