Ewing v. Riddle, &c.

CASE 26—PETITION EQUITY—FEBRUARY 8.

# Ewing v. Riddle, &c.

### APPEAL FROM LOUISVILLE CHANCERY COURT.

1. LAND HELD FOR LIFE, WITH REMAINDER OVER TO CHILDREN, MAY BE SOLD FOR REINVESTMENT, under the provisions of the act of February 16, 1858, to amend chapter 86 of the Revised Statutes. (2 Stanton, 314.)

   By a sale under said statute the absolute right and title to the land passes to the purchaser.

2. BOND, COMMISSIONER'S REPORT, AND PRIVY EXAMINATION OF MARRIED WOMEN ARE NOT NECESSARY in proceedings under said statute (2 Stanton, 314) to sell land held for life, remainder over to children, etc., for reinvestment.

   It is immaterial whether the children are infants, adults, or married women; no bond is required to be executed by the guardian of the infants, nor is it necessary to have commissioners appointed; nor, when one of the children is a married woman, is it necessary that there should be an acknowledgment by the wife on privy examination, as required by chapter 86 of the Revised Statutes.

   But such proceedings are not authorized by the act of August 23, 1862. (Myers's Supplement, page 426.)

3. *Bonds are required* by the statute in cases of sale of real estate of infants and married women, because the proceeds of such sales pass into the hands of the guardian or husband.

4. *But in sales for reinvestment under the provisions of said statute of February 16, 1858, there is no reason for the execution of the bond, or the acknowledgment on privy examination, as required by chapter 86 of the Revised Statutes.*

Ewing v. Riddle, &c.

THOMPSON, BOOTH & KLINE, . . . . For Appellant,
CITED

Act of August 23, 1862, Myers's Supplement, 426, 427.
Act of February 16, 1858, 2 Stanton, 314.
Revised Statutes, chapter 86.
2 Washburn on Real Property, 224, 228.
2 Blackstone, 164, 169.
4 Kent's Commentaries, 236–245.
2 Cruise's Digest, 270.
6 Dana, 162, Briscoe v. Wickliffe.
7 B. Monroe, 628, Danforth v. Talbott.
1 Metcalfe, 271, Allen v. Vanmeter.
3 Metcalfe, 525, Mattingly's heirs v. Reed.
4 Metcalfe, 197, Gill v. Given.
4 Metcalfe, 62, Watts v. Pond.
4 Metcalfe, 41, Woodcock v. Bowman.
6 Bush, 553, Ormsby v. Terry.
4 Bush, 23, O'Neal v. Bannon.
15 B. Monroe, 10, Walters v. Crutcher.
12 B. Monroe, 632, Grigsby v. Breckinridge.

CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

Leaven Lawrence died in the county of Jefferson, leaving a last will and testament, and by the sixth clause of that instrument devised to his niece, Mary Riddle, and her children, certain real estate in the city of Louisville, as follows: "I give and devise to Robert Tyler, in trust for Mary Riddle, who was Mary Lawrence, the following property in the city of Louisville [describing it], to be held by the said Tyler, for the sole, separate, and exclusive use, benefit, comfort, and support of the said Mary during her natural life, and after her death for the sole, separate, and exclusive use, benefit, support, and education of any child or children of said Mary, and grandchild or children of hers, such grandchild or children taking the share or portions which the parent or parents would be entitled to if living; and with power to said Mary, in case she should not leave any child or children, to dispose of all or any part of said trust property by last will and testament, or other instrument of writing duly executed."

The trustee, Robert Tyler, died, and Elias Lawrence was appointed trustee for the devisees. The trustee, Elias Lawrence, in conjunction with Mrs. Riddle and her children, including Mary L. Joyce, who was a daughter of Mary Riddle, and her husband, Clarence Joyce, filed their petition in equity in the Louisville Chancery Court, alleging that they were the owners of these lots in the city of Louisville by reason of the devise to them by Leaven Lawrence; that Mary Riddle had several children, and had not an estate sufficient to support them in the city of Louisville, where she was compelled to pay onerous and oppressive taxes, and that she was desirous of removing to the country, where she could live with more economy; and in order to enable her to accomplish this purpose, and thereby advance the interest of all the parties, she asks "that the lots in the city of Louisville be sold, so as to pass the entire interest and absolute title to the purchaser, future and contingent; and, in order to secure the proceeds of sale, that the same be reinvested in other real estate, say a good and comfortable farm, to be held in the same manner and subject to the same limitations, trusts, etc., as the property sought to be sold."

The court below, after hearing proof showing that a sale of this property and an investment of the proceeds in other lands would redound to the interest of all the parties interested, adjudged that the absolute right and title in and to the real estate described in the petition be sold for the purposes of reinvestment, in accordance with the prayer of the petitioners.

This property was sold by the commissioner, and the appellant, P. B. Ewing, was the purchaser; and, refusing to comply with the terms of sale, a rule was awarded against him to show cause why he failed to execute his note for the purchase-money. He responded to the rule, and resisted the motion upon the alleged ground that the sale passed no title, as no commissioners had been appointed or bond executed, as required by chapter 86, Revised Statutes, regulating the sale

of the lands, etc., of infants and married women. The court, upon the hearing of the response of the purchaser to the rule, adjudged that the title was good, and required the appellant to comply with the terms of sale, and from this judgment the appellant has appealed. ·

The chancellor bases his jurisdiction to render a judgment in such a case upon the act of August 23, 1862 (Myers's Supplement, page 426). This act, in our opinion, confers no such jurisdiction; but, on the contrary, the fourth section of this act expressly provides "that the court shall have full power to effectuate the sales and reinvestments as herein provided, etc. *Provided*, however, that in all cases where the vested interest sought to be sold is held by infants or married women, the proceedings to effect a sale shall be made in accordance with the eighty-sixth chapter, Revised Statutes, in relation to the sale of the real estate and slaves of infants, and such amendments thereto as have been made by law." In the present case no bond was executed and no commissioners appointed, and an entire absence of any compliance with the requisitions of chapter 86, Revised Statutes, in regard to such sales, appears from the record. If therefore the validity of this proceeding depends upon the act of August, 1862, no title passed to the purchaser, as the provisions of the act were not complied with.

The will of Lawrence gave to Mrs. Riddle a life-estate in this Louisville property, with the remainder in fee to the children. The legal title, however, was vested in the trustee for the use of the mother for life, and her children at her death. The second section of an act entitled an act to amend chapter 86 of the Revised Statutes, approved February 16, 1858, provides "that land or slaves conveyed or devised to any person for life, or in trust for his use, with remainder over to his children, or to such of them as may survive him, or to the issue of such children, may by the judgment of a court of

equity be sold by the trustee or commissioner appointed by such court, for the purpose of being reinvested, according to the order of such court, in other property in or out of the state, to be held for the same uses and trusts, and in the same manner and in all respects as the property sold was held; and the court shall see that such a reinvestment is made, and the price shall remain a charge upon the property sold until the purchase-money is paid. But such order of sale shall only be made upon abundant proof to the court that the sale and reinvestment will be beneficial to all interested in the property, and upon all persons having an interest in it being made parties to the proceedings."

This statute was intended to apply to such cases as the one we are now considering, and authorizes the chancellor to sell the absolute right and title to the property for purposes of reinvestment. In this case the devise is to the mother for life, or in trust for her use during life, with remainder to the children, or to the issue of the children. It is immaterial whether the children are infants, adults, or married women; this statute authorizes a sale of the property and an investment of the proceeds where, from the proof, the court is satisfied that it will advance the interest of the parties owning the property. No bond is required to be executed by the guardian of the infants, nor is it made necessary to have commissioners appointed, as required by chapter 86, relative to the sales of infants' real estate. Counsel insists, however, that as one of the children was a married woman at the time of the filing of the petition, that there should have been an acknowledgment by the wife on privy examination, and a covenant executed, as required by article 5 of chapter 86. The amendment of February 16, 1858, was intended to dispense with these requirements. It is conceded that by article 3 of chapter 86 no land belonging to an infant can be sold without the execution of a bond and the report of commis-

sioners; and that by article 5 of the same chapter no valid sale of the land of a married woman can be made upon the petition of her husband or next friend without making her a defendant and executing bond, and filing the acknowledgment of the wife as therein prescribed. The reason for the enactments requiring bond, etc., in cases of the sales of infants' real estate and that of married women, was to secure them in the proceeds of the sale of this species of property. The money arising from the sales of such property passes into the hands of either the husband or guardian, and the only security the wife or infant has is in the bond required by the statute.

By the act of 1858 the chancellor, before he can adjudge a sale of land, must be satisfied, in the first place, that the interest of the parties interested required that a sale should be made. He is then required to reinvest the proceeds of this land in other lands, to be held in the same manner as the land adjudged to be sold, and must see that this investment is made. He is required to retain a lien upon the estate sold until all the purchase-money is paid. The character and kind of property is not changed; the security of the estate is not affected; the proceeds of the realty are in the hands of the chancellor alone for reinvestment; and, as decided by this court in the case of Paul v. Paul and wife (3 Bush, 484), "there is no conversion of the estate into money, and the risk of loss and danger is not increased."

The title to the real estate in which the reinvestment is proposed to be made in this case is in the wife, and there is no reason for the execution of the bond or the acknowledgment, as required by article 5 of chapter 86, Revised Statutes, in regard to sales of the real estate of married women. All the parties ask in this case is a sale and reinvestment of the proceeds in other lands. The sale to Ewing passed the absolute title to the Louisville property.

The judgment is affirmed.