JUDGE LINDSAY
delivered the opinion of the court.
The conveyance made and executed by Joseph B. Harper invested Mrs. Susannah Harper with an estate for life in the house and lot, and her three children therein named with the fee in remainder. She evidently instituted this proceeding under the provisions of article 6, chapter 63 of the General Statutes. Section 1 of said article provides that “remainder and contingent interests in real estate may be sold upon petition of any person having a present or vested interest, all persons in being having any interest in such estate being made parties to the action.” This article seems to have been substituted for the three acts amendatory of the 86th chapter of the Revised Statutes approved respectively March 10th, 1854, February 16th, 1858, and August 23d, 1862. It embraces all the provisions of the General Statutes relating to the sale by the chancellor of estates in remainder. It is manifest that it authorizes the sale of contingent remainders, and it is not to be supposed that the general assembly intended to provide for the sale of contingent interests, and, by implication, to inhibit the sale of vested estates merely because they might be estates in remainder. It is clear that the chancellor had the power to adjudge the sale of the interests of the remainder-men.
It was not essential that commissioners should be appointed to report the net value of the estate, the annual profits thereof, and whether the interest of the infants required the sale to be made. Section 2 of article 6 requires the proceedings for the sale of interests in remainder to conform as far as necessary to the provisions of article 4 of the same chapter. But inasmuch *166 as the sale may be made “ if the court shall be satisfied that the interest of all concerned would be subserved/’ a report from commissioners to the effect above indicated is not necessary. It is only essential that the proof in the case shall satisfy the court that the proposed sale will subserve the interests of all concerned.
And as the proceeds of the sale are to be “by the court reinvested in the same kind of property, to be conveyed and held in the same manner, subject to like limitation, trust, and conditions as the property ” to be sold, it was not necessary that bond should be executed. These conclusions are supported by the opinion of this court in the case of Ewing v. Riddle (8 Bush, 568), and are consistent in every respect with the evident intent of the legislature.
Proof was taken as to whether the sale would subserve the interest of the parties concerned; and as none of them are complaining on account of the conclusion of the chancellor upon the facts, we need not consider the sufficiency of that proof.
Ullman, the purchaser, was properly required to comply with the terms of his purchase.
Judgment affirmed.