## Marshall, et al. v. Anderson's Trustee, et al.

(Decided January 23, 1914).

### Appeal from Fayette Circuit Court.

1. Land—Holding by Testamentary Trustee for Lives of Two Beneficiaries—Wills.—Where a testamentary trustee holds lands in trust under the terms of a will for the lives of two beneficiaries, with remainder over to a class of persons who cannot be ascertained until the death of the survivor of the two life tenants, it is within the power of a Chancellor under the provisions of Sec. 498 of the Civil Code to approve the sale by the trustee and re-invest the proceeds.

2. Wills—Sale and Re-investment and Proceeds of Land by Trustee—Section 498 Civil Code.—A provision in a will empowering the trustee named therein to sell and convey the real estate in his discretion, but withholding such power from any subsequent trustee, will not be construed as forbidding a sale by the Chancellor for re-investment under Section 498 after another trustee has qualified.

3.   Land—Held in   Trust   for Life   of Another—Section 498 Civil
     Code.—While the language of Sec. 498 only authorizes the Court
     to sell "when lands are held in trust by one person for the life
     of another"—that language will be construed to embrace the
     plural as well as the singular, and to apply where a trustee
     holds lands in trust for the lives of two persons.

JOHN H. FLOOD for appellants.

HUNT, BULLOCK & HUNT for appellees.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

John E. Anderson died a resident of Fayette County, having first made and published his will.

By its terms he devised in trust for the equal benefit of his son and daughter a tract of about 410 acres of land in Fayette County, giving to them each a life estate in half of it, the remainder to their issue respectively, if any, and in default of issue to the heirs at law of the testator. He named his brother, R. T. Anderson, as trustee for them, and empowered him to sell the property in his discretion at such time and on such terms as he might deem wise; but expressly provided that this power was given by reason of his personal trust and confidence in his brother, and that in event of his death, resignation, or refusal to act, such power should not pass to any other trustee.

The brother, R. T. Anderson, qualified as trustee and continued to act as such until his death some two or three years ago, whereupon the appellee, Security Trust Company, qualified as such trustee in his stead.

On the 16th day of August the last named trustee entered into a written contract of sale with the appellant, Mrs. W. F. Marshall, whereby it as such trustee sold and undertook to convey to her, subject to the approval of the Fayette Circuit Court, the aforesaid 410-acre tract of land at the price of $127.50 per acre, the land to be surveyed. Thereafter this suit was instituted by the trustee against the two aforesaid beneficiaries and the infant child of Mrs. Hart, they being all the living beneficiaries, asking that the contract of sale so made with Mrs. Marshall be ratified and approved by the court; the purchasers, Mrs. Marshall and her husband, intervened in the action and averred their willingness to comply with the terms of the contract in the event a good title could be procured, but demurred specially and generally

to the petition, as did the guardian ad litem of the infant, and the court overruled all these demurrers. Evidence was taken satisfactorily showing that the price so named in the contract of sale was a fair price for the land, and that it would be to the interest of all the beneficiaries, present or prospective, if a confirmation of this sale and a re-investment of the proceeds under the direction of the court could be had.

The judgment of the court approved and confirmed the contract of sale, directed all the purchase money to be paid into court, and took all steps required by law to protect all the beneficiaries. From that judgment Mrs. Marshall has appealed.

It is first suggested that the court has no power under the amendment to Sec. 498 of the Civil Code to approve this contract of sale, and second that that amendment is invalid. The amendment insofar as it is necessary to quote it, is as follows:

"That when lands are held in trust by one person for the life of another, with remainder over to a class of persons, or to any person not ascertained or to be ascertained until the death of the person upon whose life such estate for life is made to depend, or with power on the part of such person for whose life such life estate is held by the trustee, to dispose of by a last will and testament, or by an instrument in the nature of a last will and testament, it shall be competent for the circuit courts or courts of like jurisdiction in the county in which such land or a part thereof is situated, in an action to which all persons having a present or vested interest in such land are parties, to direct the trustee to either sell or mortgage such land; but in all actions it must be averred and proven to the court that such sale or mortgage would be beneficial to all the parties concerned, and facts showing such benefits must be alleged and proven."

Clearly that Act was intended to apply to just such cases as this; we have the trustee holding lands in trust for the life of another, with remainder over to a class of persons who can not be ascertained until the death of the two life tenants; under the will if either of the life tenants die without issue, his or her half of the property goes to the other or the issue of the other; but if they both die without issue the property passes to the heirs at law

of the testator. In fact it is a typical case for the application of the provisions of that amendment.

In view of the fact that this court has in numerous cases recognized the validity of and applied the provisions of that amendment in proper cases, it would seem to be unnecessary to now go into the question of its validity. Craig v. Wilcox, 94 Ky., 484; Burge v. Fidelity Trust Co., 112 Ky., 683; Bullock v. Gudgell, 117 Ky., 288; Buckner v. Kelly, 151 Ky., 818; Walton v. Cleanay, 152 Ky., 274.

It is suggested that under the provision of section 492 that no sale shall be ordered if forbidden by the will under which the property is held, that the court in this case had no power to confirm the sale. But an examination of the will discloses that it does not forbid the sale of this property and the re-investment of its proceeds. On the contrary, it expressly authorized the original trustee to sell and convey the same, which he might have done without any application whatever to the chancellor; and while it does expressly withhold from any subsequent trustee this power of sale and conveyance without going into court, it does not either expressly or by any fair inference prohibit the sale and re-investment when ordered by a court of competent jurisdiction.

It is suggested that the court had no power under the provisions of the amendment to Sec. 498 to grant the decree prayed for by the trustee for more than one person; it is true that the Act does use the language, "that when lands are held in trust by one person for the life of another," the court shall have the power to decree the sale. But, under the rules of construction laid down in the Code itself (Sec. 732, Subsec. 4) "the singular includes the plural and the plural the singular number." But, independent of that rule of construction it would be most unreasonable as well as out of harmony with the general purposes of that amendment to construe it to mean that it applied only where a trustee held property in trust for one person and did not apply where he held property in trust jointly for two or more persons. To so construe it would be to require a partition of the lands as between the life tenants and the institution of separate proceedings by the trustee for each of them, and thereby increase costs and litigation.

Judgment affirmed.