## Lowry v. Berry, et al.

(Decided January 15, 1918.)

### Appeal from Fayette Circuit Court.

1. Trusts—Sale of Trust Property—Approval of Court—Power.—A trust estate in lands for the life of one person, with remainder over to another if he is living, and with reversion to the grantor in the deed of trust if he is not living, at the termination of the life estate, may, under section 498, Civil Code, be sold and conveyed by the trustee for reinvestment of the proceeds, where such sale is beneficial to all parties and is approved or directed by the circuit court of competent jurisdiction in an action to which all persons having a vested or contingent interest in the land are parties and in which the beneficial facts are averred and proved.

2. Trusts—Sale of Trust Property—Infant Remaindermen.—The sale of such trust estates, as are described therein, whether the remaindermen be infants or adults, may be made by the trustee in the manner prescribed by section 498, Civil Code, regardless of the statutes regulating sales of infants' lands.

H. E. ROSS for appellant.

JAMES C. DENNY and J. EMBRY ALLEN for appellees.

Opinion of the Court by Judge Clarke—Affirming.

In June, 1913, Henry S. Berry conveyed an undivided one-eighth interest in 259 acres of land in Fayette county to the Security Trust Company of Lexington, as trustee for the use of Allee Campbell Berry for her life, with remainder to Henry S. Berry, Jr., but upon the conditions that if Allee Campbell Berry should marry again her interest should then cease; and that, if Henry S. Berry, Jr., should die before the death or remarriage of Allee Campbell Berry, the fee in the interest conveyed should revert to Henry S. Berry.

Thereafter, on September 7, 1916, the trustee, with the owners of the remaining seven-eighths interest in the land, executed and delivered to appellant, James Lowry, a written contract for the sale and conveyance to him of the entire tract of land at $180.00 per acre, provided the circuit court would ratify and approve the sale. This suit was then instituted in the Fayette circuit court asking the court to approve the sale and to direct the execution by the trustee of a deed to Lowry for the interest held by it as such trustee, all of the parties in interest being either plaintiffs or defendants in the action, and the facts being set out in the petition showing that it was for the best interests of the parties that the sale be consummated and the proceeds of the trust interest in the land be paid into court and reinvested in other property, to be held by the trustee subject to the terms of the trust. Allee Campbell Berry filed an answer admitting the advisability of the sale for a reinvestment of the trust funds derived therefrom and consenting thereto. A guardian *ad litem*, appointed for the infant, Henry S. Berry, Jr., filed an answer stating that he was unable to make a defense. James Lowry and the guardian *ad litem* filed demurrers to the petition, which were overruled. Proof was heard establishing the fact that the sale was for the full value of the land and that the interests of all parties, especially those interested in the trust estate, required that the sale be made and the trust interest in the proceeds thereof be reinvested.

Upon submission, the court approved and confirmed the sale and directed that one-eighth of the proceeds of the sale be paid into court for reinvestment in other property to be held by the trustee under the same terms as the land sold; that the trustee convey to Lowry the undivided one-eighth interest in the land held by it as trustee; and

that the deed "when executed, acknowledged, approved and delivered in accordance with the judgment shall be held and construed to have the same effect as if executed by every person having a vested or contingent interest in, or ownership of such lands; and as if executed by all persons and classes who could take under the limitations and the provisions of the trust deed from Henry S. Berry to the Security Trust Company above mentioned, and as if every claimant, present or future, under such deed, was under no disability whatever."

This judgment is in conformance with the provisions of the amendment of 1882 to section 498, Civil Code, under which the action was brought, but which appellant insists has no application here because, as he contends, the trust interest in the land is not held by the Security Trust Company under the deed from Henry S. Berry "for the life of another with remainder over to a class of persons, or to any person not ascertained or to be ascertained until the death of the person upon whose life such estate for life is made to depend, etc.," as provided by such amendment.

If the trust does come within the code provision referred to above, the judgment, upon the pleadings and proof, was warranted. See Craig v. Wilcox's Exor., 94 Ky. 484, Burge v. Fidelity T. & S. V. Co., 112 Ky. 684, Buckner v. Kelly, 151 Ky. 818, Marshall v. Anderson, 157 Ky. 117.

Where this provision of the code applies, it is immaterial whether the remaindermen are infants or adults, and other statutory regulations of sales of infants' lands need not be followed. Craig v. Wilcox's Exor., *supra*, Paul v. Paul, 3 Bush 484, Ewing v. Riddle, 8 Bush 568.

We, therefore, may confine our present inquiry to whether or not the trust interest in the land was held by the trustee under any of the conditions described in the 1882 amendment to section 498, Civil Code.

In the first place, it will be noticed the deed to the Trust Company gives to Allee Campbell Berry a life estate in the land, subject, however, to be forfeited by her remarriage. This provision for a forfeiture of the life estate does not change the character of her estate in the land. It is nevertheless a life estate, but determinable upon her remarriage. 16 Cyc. 614, Roseboom v. Van Vechten, 5 Den (N. Y.) 414, Tiffany Real Property 69,

Warner v. Tanner, 38 Ohio St. 118, 2 Blackstone 121, 4 Kent 26.

The deed creating the trust names Henry S. Berry, Jr., as the remainderman, provided he is living at the termination of the life estate of his mother whether by death or remarriage, but, if he is not then living, the land conveyed reverts to the grantor. It is, therefore, clear that under the provisions of this trust deed the title to the remainder interest in the land is in abeyance and cannot be ascertained until the termination of the life estate. This fact, we think, clearly brings the case within the very terms of the provision of the code referred to, the applicable parts of which are as follows:

"That when lands are held in trust by one person for the life of another, with remainder over to a class of persons, or to any person not ascertained or to be ascertained until the death of the person upon whose life such estate for life is made to depend, . . . . it shall be competent for the circuit court or courts of like jurisdiction in the county in which such land or a part thereof is situated, in which an action to which all persons having a present or vested interest in such land are parties, to direct the trustee to either sell or mortgage such land; but in all actions it must be averred and proven to the court that such sale or mortgage would be beneficial to all the parties concerned, and facts showing such benefits must be alleged and proven."

Judgment affirmed.