CASE 84—PETITION EQUITY—MARCH 30.

## Craig v. Wilcox's Ex'or.

### APPEAL FROM KENTON CHANCERY COURT.

1. SALE BY CHANCELLOR OF REAL ESTATE HELD IN TRUST FOR LIFE OF ONE PERSON WITH REMAINDER TO ANOTHER.—Under the amendment of April 15, 1882, to title 10, chapter 14, Civil Code (Carroll's Code, p. 241), which provides for the sale by the chancellor of lands held in trust by one person for the life of another, with remainder over to persons not ascertained, or to be ascertained until the death of the life tenant, it is sufficient that the persons having a present or vested interest are before the court, and it matters not whether they are plaintiffs or defendants. Nor does this statute require the execution of any bond by guardian or committee.

2. SAME.—To authorize a sale under this statute, it is necessary to aver and prove facts showing the sale to be beneficial to all parties concerned.

3. SAME.—Where a testator by his will places property under the ' control " of his executors, with power to them or to the " survivor" to pay the income to certain persons for life and then to their children, if they have any, the executors are to be regarded as trustees within the meaning of the statute providing for the sale of property held in trust for the life of one person, remainder to persons not to be ascertained until the death of the life tenant.

ORLANDO P. SCHMIDT FOR APPELLANT.

As the infant was not made a defendant, nor the action brought by her guardian, nor the bond executed by the guardian to the infant before

the order of sale, the entire proceeding is void, and confers no title whatever upon the appellant. (Civil Code, secs. 491, 493; subsec. 5 of sec. 489; Barnett v. Bull, 81 Ky., 127.)

The amendment of April 4, 1882, published as part of sec. 498 of Civil Code, has no application.

JAMES W. BRYAN FOR APPELLEE.

1. The infant, being a non-resident without a statutory guardian, had the right to sue by her next friend. (Civil Code, sec. 35, subsec. 4; *Idem*, sec. 37.)

2. This action was not brought under either section 491 or 493 of the Civil Code, but under the amendment of April, 1882 (Carroll's Code, p. 241), and under that act no bond is necessary.
    Barnett v. Bull, 81 Ky., 127, distinguished.

3. The executor is a "trustee" within the meaning of the statute.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

Jesse Wilcox, by his will duly probated in the Kenton County Court, provides for the payment of his debts, &c., out of that portion of his estate that is thereinafter placed under the control of his executors, and the survivor or survivors of them, and which was not specially bequeathed to others. He confers on them and the survivor of them all other power and authority which he could give or confer in the premises, and all the power and authority which they needed in order to carry into full effect and execution, all and singular the provisions and purposes of his will, including the power to rebuild in case of damage or destruction by fire or otherwise, &c.

He instructed his executors to pay his widowed sister two hundred dollars annually during her lifetime. After providing for the payment of other specific sums to his nephews and nieces, he gave to his only daughter, Jesse, then a minor, a life interest in the remainder of his estate of every kind and de-

scription, to have, hold and enjoy the *income* of the same during her natural life; if she married and was blessed with children, they were to enjoy the same with her. After the death of the daughter, then her children, if any, were to have the benefit and full enjoyment of the said life interest in equal proportions, until the youngest shall have reached its majority, when the entire property was to be divided among the surviving children. In the event of his child's death without issue, or without issue attaining the age of twenty years, then the judge of the circuit court where the home of his daughter was in her lifetime was to appoint a suitable agent or commissioner to sell the property and effects remaining, and pay the proceeds into court, less costs; and one-half the same was to be given the New Jerusalem Printing and Publishing Society, located in the city of New York, and the other half to his nephew and nieces, named theretofore, the latter to take life estates, with remainder to their children.

Crawford, one of the appellees, alone of the two executors appointed in the will, qualified. He took charge of the property, and since 1875 has controlled and managed it in pursuance of the provisions of the will. Finding the real estate in Covington unproductive, the houses becoming dilapidated and in need of expensive repairs, he brought this action in November, 1891, in conjunction with the daughter, Jesse Wilcox Wilson (she having married), and her husband; also Mildred Wilson, a minor, the child of Jesse Wilcox Wilson, who sued by her next friend, W. A. Crawford, and the nephew and nieces named as con-

tingent remaindermen in the will of the testator, as
plaintiffs, against the New Church Board of Publica-
tion, alias the New Jerusalem Printing and Publish-
ing Society of New York, as defendant, setting up
the provisions of the will, the unproductiveness of the
realty under his control, and the beneficial results to
be attained from the sale of the property, and the
reinvestment of the proceeds in other and more pro-
ductive estate.    The chancellor granted the relief.
The appellant Craig became the purchaser of one of
the parcels sold, but resists a confirmation of the sale
because of alleged irregularity in the proceeding.    He
insists that this is an action under section 491 of the
Civil Code, providing for the sale of real property
and the reinvestment of its proceeds; and as no bond
was executed or other requirements of that section
were complied with, the judgment of sale and the
sale itself were absolutely void, and no title could
pass to the purchaser; but we do not think that this
was an action under that section, but one under the
amendment of April, 1882 (Carroll's Civil Code, page
241), providing "that when lands are held in trust
by one person for the life of another, with remainder
over to a class of persons, or to any person not as-
certained or to be ascertained, until the death of the
person upon whose life such estate for life is made
to depend,   *   *   it shall be competent for the cir-
cuit courts or courts of like jurisdiction in the county
in which such land or a part thereof is situate, in
an action to which all persons having a present or
vested interest in such land are parties, to direct the
trustee to either sell or mortgage such land; but in

such action it must be averred and proven to the court that such sale or mortgage would be beneficial to all the parties concerned, and facts showing such benefits must be "alleged and proven," and the deed or mort-gage so executed "shall have the same effect as if executed by every person having a vested or contin-gent interest in or ownership of such land, and as if executed by all persons and classes who could take under the limitations or provisions of said deed, * * * and as if every claimant, present or future, under such deed or 'power was under no disability."

It seems to us that the executor was a trustee. His duties were not merely to pay debts and legacies, but the body of the property was put under his "control" out of which he was to pay the income to the widow and child of the testator, and an annual sum to one of the legatees "during her lifetime." He appointed two executors, and expected them both to qualify, and upon the death of one, he continues the powers given to the "survivor," thus showing the perma-nency of the power and authority granted to carry into effect the provisions and purposes of the will, including power to rebuild the houses, &c. And the trustee held for the life of the daughter, Mrs. Wilson, with remainder over to a class—her children, if she had any, or if she had none or none reaching the age of twenty-one, then over to others. These were all parties to the action, and we think it matters not in this proceeding whether they are before the court as plaintiffs or as defendants.

This amendment requires the execution of no bond. by guardian or committee, for the obvious reason that

such fiduciaries do not get the proceeds of the sale. The provision being that "the proceeds of the sales authorized by this section shall be paid into court, and shall be reinvested by the court," &c.

It is necessary to aver and prove facts showing the sale to be beneficial to all the parties concerned, and this was alleged in this case and shown beyond question. The amendment of April, 1882, was a substantial re-enactment of the second section of an act amending chapter 86 of the Revised Statutes, approved February 16, 1858, and sales and reinvestments were upheld under that act in proceedings similar to the one now under consideration. (See Paul v. Paul, &c., 3 Bush, 484, and Ewing v. Riddle, &c., 8 Bush, 568.)

The case of Barnett v. Bull, 81 Ky., 127, relied on by the appellant, was under section 491 of the Code. We find no case determined under the amendment of April, 1882, but obviously the same construction should be adopted in considering it, as was adopted when the analogous section of the act of 1858 was considered and construed.

The appellant Craig gets a good title under his purchase, and the judgment to that effect is affirmed.