CASE 77—ACTION ASKING THAT PLAINTIFF BE ORDERED TO SELL CER-
TAIN REAL ESTATE HELD BY PLAINTIFF AS TRUSTEE FOR DEFEND-
ANTS AND TO REINVEST THE PROCEEDS.—FEB. 11.

# Burge v. Fidelity Trust & Safety Vault Co.

### APPEAL FROM OLDHAM CIRCUIT COURT.

JUDGMENT GRANTING RELIEF SOUGHT, AND THE DEFENDANT, A. W.
BURGE, APPEALS.   AFFIRMED.

LIFE ESTATES—TRUSTEE FOR LIFE TENANT—AUTHORITY TO SELL—
JURISDICTION TO CONFER.

Held:   Under the direct provisions of Civ. Code Prac, section 498,
where lands are held in trust by one person for the life of an-
other, with remainder over to a class of persons, or to any
person not ascertained or to be ascertained until the death of
the person upon whose life such estate for life is made to
depend, the circuit court may empower the trustee to sell the
land, provided it is averred and proved that the sale would be
beneficial to all the parties concerned.

P. B. & UPTON W. MUIR, FOR APPELLEE.

Richardson Burge died many years ago a resident of Louis-
ville, Ky., leaving a will by which he devised property to John
T. Moore in trust for his son A. W. Burge and Rena Burge
his wife, during their lives, with remainder to any child or
children born to them, and in the event no child was born to
them and survived Rena Burge, or in the event such child or
children did survive, and die under twenty-one years of age, the
property at the termination of the lives of A. W. and Rena
should go to the brothers and sisters of A. W. Burge.  By a
codicil it was provided that after the death of A. W. and Rena,
the estate should go to any child born to A. W. by any other
wife than his wife Rena.   Rena died leaving as her only
child by appellant, A. W. Burge, Hallie Louise E. Burge, who
is over twenty-one years of age, and so the entire estate is now
beneficially owned by A. W. Burge and Hallie Louise E. Burge.
A. W. is now fifty-five years of age.   The codicil makes this
contingency in the title: that A. W. may hereafter marry and
have children in which event such children shall share equal-
ly with Hallie.

In 1894 John T. Moore resigned as trustee, and appellee, Fidelity Trust and Safety Vault Co., was appointed his successor.

The estate consists of several pieces of real estate, one lot lying in Pewee Valley, Ky., which Judge Holt desired to buy and appellants and appellee were anxious to sell. The price was agreed on at $7,800 and a written contract was entered into and signed by appellants and appellee and Judge Holt but on account of said contingency Judge Holt preferred that a judgment of the circuit court ordering the trustee to sell be had and, then to have the court of appeals pass on the title, and the $7,800 was deposited with the Trust Co. to await the decision of the court of appeals. In accordance with this contract this suit was brought. Appellants filed answer admitting they had signed the contract, and that the sale was beneficial to all parties interested, and in fact necessary, but they deny the power of the court to order the trustee to make the sale, claiming that the sale could only be made by the court through its commissioner. Evidence was taken showing the necessity for the sale and that the price agreed on was the full value of the property. Upon this record the lower court directed the trustee to make the sale to Judge Holt at $7,800, and from this judgment this appeal is prosecuted. Civil Code, sec. 498.

OPINION OF THE COURT BY JUDGE PAYNTER—AFFIRMING.

Many years ago Richardson Burge died, leaving a will by which he devised a certain interest in his very large estate to John T. Moore in trust for his son A. W. Burge and Rena Burge, his wife, during their lives, the remainder over to any child or children born to them, and in the event no child or children were born to them and survived Rena Burge, or in the event such child or children did survive, and die under the age of 21, the property at the termination of the lives of Albert and Rena should go to other children of the testator. It was provided in a codicil to the will that if Rena Burge should die, and if Albert Burge should marry again and have children as the result of that union, they were to take an interest in the share devised to him. Rena Burge is dead, leaving an only child, Hallie Burge, who is now over 21 years of age. The father has

not again married. Hallie being over 21 years of age, the children of the testator have no interest in the share devised to Albert. The appellee, Fidelity Trust & Safety Value Company, is now the trustee for A. W. Burge, etc., and as such holds, under the provisions of the will, certain property in Pewee Valley, particularly described in this proceeding. The trustee A. W. Burge, and his daughter, Hallie Burge, have entered into a contract with W. H. Holt by which they have sold him the property mentioned, at a price of $7,800. The question involved in this case is the power of the court to direct the trustee to convey the property to the purchaser at the price stated. It was averred and has been proven that the sale is at a fair price, and would be beneficial to all the parties concerned. To determine whether or not such private sale can be made by the trustee under the direction of the court depends upon the interpretation to be given section 498, Civ. Code Prac., which reads as follows: "That when lands are held in trust by one person for the life of another, with remainder to a class of persons, or to any persons, not ascertained or to be ascertained until the death of the person upon whose life such estate for life is made to depend or with power on the part of such person for whose life such life estate is held by the trustee, to dispose by a last will and testament, it shall be competent for the circuit courts or courts of like jurisdiction in the county in which such land or a part thereof is situated, in an action to which all persons having a present or vested interest in such land are parties, to direct the trustee to either sell or mortgage such land; but in all actions it must be averred and proven to the court that such sale or mortgage would be beneficial to all the parties concerned, and facts showing such benefits must be alleged and proven. Any deed or mortgage executed

under authority, or in pursuance of any judgment rendered in any such action, shall be held and construed, and have the same effect as if executed by every person having a vested or contingent interest in or ownership of such land, and as if executed by all persons and classes who could take under the limitations or provisions of said deed, or as devisees under the exercise of such power to devise or appoint, and as if every claimant, present or future, under such deed or power, was under no disability whatever." The purpose of this section of the Code, as amended by the act of 1882, was to confer upon the court the right to direct a trustee to sell privately lands held in trust by one person for the life of another, with remainder over to a class of persons or to one person not ascertained, etc. The amendment was intended to accomplish a purpose clearly manifested by the language employed. The amendment to section 498 was enacted when section 696 was in force, and the latter section does not apply to a case provided for in the former one. Section 498 of the Code (Carroll's, 1900) expressly authorizes the court to direct the sale or mortgage of the property as above indicated. The General Assembly thought it wise to vest the court with such power, and that its exercise would be beneficial to the parties interested in the estate held in the manner mentioned in the section.

The judgment is affirmed.