CASE 32—PROCEEDINGS BY E. P. BULLOCK, TRUSTEE, AND OTHERS AGAINST MARY E. GUDGELL AND OTHERS TO SECURE AN ORDER FOR THE SALE OF TRUST PROPERTY TO SAID GUDGELL.—JAN. 13.

# Bullock &c. v. Gudgell.

APPEAL FROM SHELBY CIRCUIT COURT.

FROM AN ORDER REQUIRING APPELLEE TO PAY ALL THE PURCHASE MONEY INTO COURT, THE GUARDIAN AD LITEM AND THE SHELBY COUNTY TRUST COMPANY APPEALS. REVERSED.

TRUSTS—INFANT BENEFICIARIES—SALE OF TRUST PROPERTIES—PAYMENT TO TRUSTEE—JUDICIAL SALE—CAVEAT EMPTOR.

Held:   1. On petition by a trustee for an order to sell the trust property, to which the adult *cestuis que trustent* and the guardian of the minor children answered, admitting the advisability of the sale, the court ordered the sale, and directed the purchaser to make payment to the trustee, which was done, but he failed to account therefor in full. HELD, that under Civil Code, section 498, dispensing with necessity of bond on the sale of an infant's real estate, but requiring the money to be paid into court, the court was without jurisdiction to make the order, and the infants were not divested of their interest in the property.
2. The purchase being at a judicial sale, the rule of caveat emptor applied.

P. J. BEARD AND E. H. DAVIS, FOR APPELLANTS.

WILLIS & TODD, FOR APPELLEE.
        (No briefs. Record misplaced.)

OPINION OF THE COURT BY CHIEF JUSTICE BURNAM—REVERSING.

The will of Mrs. Mary Bullock was duly probated by the Jefferson county court. The first section thereof is as follows:

"I devise three-eighths of my property on the corner of
Seventh and Main streets in Louisville, and my land in
McCracken county, namely: the land derived from my
uncle Isaac Clark, and by gift from my sister Martha, to
H. C. Pindell, for and during the life of my son E. Pearce
Bullock, in trust, to collect the rents and profits thereof,
pay the taxes thereupon, maintain it in good order and re-
pair, keep the buildings thereon to which I am or may
become entitled, well insured, and apply the net profits
to the support of my son, E. Pearce Bullock, and his chil-
dren, remainder to be equally divided among descendants
of said E. P. Bullock, living at the time of his death, per
stirpes, with power to said trustee and the said E. P. Bul-
lock, to dispose of McCracken county land and invest the
proceeds in such real estate, or the improvement of such
as the said E. P. Bullock may direct."

The surving husband of testatrix, W. F. Bullock, was
appointed trustee under the will in lieu of H. C. Pindell, who
declined to qualify, and continued to serve in this capacity
until his death, when W. G. Anderson was appointed. Sub-
sequently Anderson resigned, and the Shelby County Trust
Company qualified as trustee.     Finally, in June, 1901, the
Shelby County Trust Company tendered its resignation
as trustee, which was accepted, and upon motion of E. P.
Bullock, his son, J. Lowry Bullock, was appointed trustee,
and duly qualified.     Prior to the appointment of J. Lowry
Bullock as trustee, the real estate in Louisville had been
sold under judgments of the Jefferson circuit court, and
a part of the proceeds thereof invested in a farm in Shelby
county, which contained in the aggregate ninety acres and
sixty poles.     The title thereto was taken to the trustee
for the use and benefit of E. P. Bullock and his children.

as required by the will of Mary Bullock.    After the qualification of J. Lowry Bullock as trustee, he collected from the former trustee $930 in cash, which belonged to the trust estate.    And on the thirteenth of August, 1901, he contracted in writing with the appellee, Mary E. Gudgell, for the sale to her of the Shelby county farm for $3,000, of which $300 was paid in cash, $1,700 to be paid when the deed was made to her, and the balance, of $1,000, was to be paid on the 25th of December, 1902, and to bear interest from the date of the deed.    On the 24th of August, 1901, J. L. Bullock, as trustee. instituted this suit against his father, E. P. Bullock, and his wife, N. L. Bullock, and all of his children, namely, J. L. Bullock, W. A. Bullock, H. P. Bullock, Lunsford Bullock, E. P. Bullock, Jr., Bessie Harwood, and her husband, T. W. Harwood, and the appellee, Mary E. Gudgell, as defendants.    The petition alleged that the defendants Lunsford Bullock, Helen M. Bullock, Thomas B. Bullock, and E. P. Bullock, Jr., were infants; that all of them resided with, or were under the care and control of their father, the defendant E. Pearce Bullock; that neither of them had any guardian, curator, or committee; and set out at length the contract for the sale of the land with Mrs. Gudgell, and asked the court to confirm it and authorize the execution of a deed to her by the trustee.    The petition also set forth certain reasons why it would be beneficial to the "cestui que trust" that the sale should be confirmed.    The defendants E. P. Bullock, N. L. Bullock, J. L. Bullock, W. A. Bullock, H. P. Bullock, Bessie Harwood, T. W. Harwood filed their joint answer to the petition, in which they admit each and every allegation of the petition, and affirmatively aver that the sale of the real estate to Mary Gudgell is at its full value and will be highly benefi-

cial to the trust estate, and pray the court to grant the prayer of the petition. The guardian ad litem appointed for the infants filed an answer stating that he was unable to make an affirmative defense for his wards. On the 28th of September, 1901, a judgment was entered directing the master commissioner of the Shelby circuit court to sell this tract of land after being properly advertised, and directing that $2,000 of the purchase money should be paid to J. Lowry Bullock, trustee, on the day of the sale, and the balance twelve months from the date of the sale, for which a bond should be made payable to the trustee, bearing interest from the date. This judgment was duly executed by the sale of the property, and Mrs. Gudgell became the purchaser at the price agreed on, paying on the day of sale $1,700 in cash to J. L. Bullock as trustee, and executed bond to him as trustee for the unpaid purchase money. This sale was regularly confirmed, and it was further adjudged that the purchaser of the property should be permitted to pay the balance of the purchase money before its maturity, if she so elected. On the 26th day of March, 1902, Mrs Gudgell paid to J. L. Bullock $400 upon her note for the balance of the purchase money. Subsequently, on the 16th of September, 1902, she came into court and asked for a rule against J. L. Bullock requiring him to pay the money into court, and that it be reinvested in other real estate under order of the court; and that the proceedings thereafter might conform to the requirements of law. In response to this rule, J. L. Bullock asked a settlement of his accounts as trustee by the commissioner, and that he be given until the next term of the court to obey the rule.

At the next term he paid into court $766.50, and, after the allowance of all proper credits, there remained in his hands as unaccounted for a balance of $2,189,73, which in-

ᵢcluded the $930 in money collected from the former trus-
tee. J. L. Bullock was thereupon removed, and the Shelby
County Trust Company reappointed trustee of the funds,
and on its motion a rule was entered against Mrs. Gudgell
to pay all of the purchase money into court. She respond-
ed, setting out the fact that she had paid $2,400 to J. L.
Bullock, and offered to pay the remaining $600 in her hands,
with interest, if the court should hold that she had acquir-
ed a good title. The trial court adjudged her title good,
and directed the payment by her into court of the $600 and
interest. To this ruling of the court the trust company
and the guardian ad litem both excepted, and have prose-
cuted an appeal to this court, and insist that the Shelby
circuit court had no jurisdiction to direct that the purchase
money for the lands sold in this action should be paid to the
trustee.

The law is well settled that courts of equity have no
jurisdiction to sell the real estate of infants except as au-
thorized by statute, and a strict compliance with the provi-
sions of such statute is uniformly held necessary to divest
the title of an infant in land. In Hicks v. Jackson (24
R., 218) 68 S. W., 419, the court said: "The statutory
safeguards of infants' real estate can not be too strictly
enforced by the courts. If they are literally adhered to
and followed, much of the confusion in titles and loss to
infants or purchasers at such sales would be averted." See,
also, Malone v. Conn, etc., 95 Ky., 93, 15 R., 421, 23 S. W.,
677; Isaert v. Davis (17 R., 686) 32 S. W., 294; Dineen v.
Hall (112 Ky., 273, 24 R., 1615,) 65 S. W., 445, 66 S. W.,
392; Craig v. Wilcox's Executor, 94 Ky., 484, 14 R., 908;
22 S. W., 76. In sales under section 498 of the Civil Code
the bond required by sections 491 and 493 are dispensed
with, but in lieu thereof, as an equally adequate protection

of the rights of the infant, the proceeds of the real estate sold are required to be paid into court, and reinvested by the court in other property to be held in the same way.

We are therefore of the opinion the Shelby circuit court had no jurisdiction to order so much of the purchase money of the land sold in this action as belonged to the infant defendants Lunsford Bullock, Helen M. Bullock, Thomas B. Bullock, and E. P. Bullock, Jr., at the death of their father, E. Pearce Bullock, paid to the trustee; and that the payment by her to J. Lowry Bullock did not relieve her from responsibility so far as they are concerned, and that they are not divested of their interest in the land until their part of the purchase money has been paid into court., Being a purchaser at a judicial sale, she is bound by the rule of caveat emptor. But as to the adult defendants a different rule of law applies. They were parties to the proceedings. The petition filed by J. L. Bullock, asking for a confirmation of the sale made by him to Mrs. Gudgell, set out the terms of the written contract entered into with her, and recited that $2,000 of the purchase money was to be paid to him, and a note executed to him for the balance. They voluntarily entered their appearance in this action by filing a joint answer, in which they united in the prayer of plaintiff's petition. They made no objection to the judgment authorizing the payment of the purchase money to J. Lowry Bullock; on the contrary, they requested that same might be entered. We are therefore of the opinion that E. Pearce Bullock and all of his adult children are now estopped by their acts and conduct from complaining of the judgment, or the payment thereunder of the purchase money to J. Lowry Bullock. See Loeb v. Struck (19 R., 935) 42 S. W., 401. Upon return of the case the lower court is directed to have the value of the infant defendants' interest

in the land bought by Mrs. Gudgell ascertained and paid into court as directed by the amendment to section 498 of Carroll's Civil Code, and so reinvested as to secure to them the full benefit of the provision made for them by the will of their grandmother, Mrs. Mary Bullock, applying the $600 paid by her to this fund.

For reasons indicated, the judgment is reversed, and cause remanded, for the proceedings indicated.