## Powell v. Hester's Devisees.

(Decided Feb. 4, 1938.)

W. H. W. REYNOLDS for appellant.

J. B. PAXTON for appellees.

OPINION OF THE COURT BY JUDGE RATLIFF—Reversing.

Appellant has prosecuted this appeal from a judgment of the Lincoln circuit court requiring of him specific performance of a contract with appellees to purchase certain real estate in Lincoln county, Ky.

The petition filed in the circuit court by appellees, as plaintiffs below, is in the nature of an agreed state of facts which were submitted to the court for the purpose of determining whether or not on the facts set out the deed executed and tendered appellant passes a good fee-simple title to the land, and whether he should be compelled to accept same and pay to appellees the agreed consideration.

The land involved in this controversy was formerly owned by Richard Hester, who died testate leaving surviving him a widow, Sarah Hester, two sons, three daughters, and several grandchildren. His widow, Sarah Hester, died before the execution of the contract here involved. The sons and daughters are all living. One of the daughters has six children, five of whom are infants, and another daughter has two children both of whom have attained their majority, and one daughter is childless and at the present a widow.

The agreed facts set out in the petition are as follows:

"On the 1st day of February, 1937, the devisees of Richard Hester instituted an action in this (Lincoln Circuit) court against the minor children of his daughters for the purpose of having his will construed and ascertain whether or not his children had the power to convey a good fee-simple title to the above described land. All of said minors were duly summoned to answer said action and a guardian ad litem was appointed for them and after proof was taken showing that said land is not susceptible of division without injury to its value and to each share the court rendered the following judgment:

" 'This cause came on and was submitted to the court for opinion and judgment on the pleadings, exhibits and proof on file, and it appearing that all the parties are properly before the court, and that a guardian ad litem has been appointed for the infant defendants who has filed his report, the court is of opinion and adjudges that the children of Richard Hester by the provisions of his will have full power and authority to pass title to the real estate of which he died possessed by their deed in which their husbands and wives must unite, and that the children of his daughters have no vested right in the real estate described in the petition, but do have a vested right in the proceeds arising from its sale. It is further adjudged that the daughters of Richard Hester have the use and benefit of the proceeds of the sale of said real estate for the term of their natural lives with remainder to their children, but no part of their shares is to be paid to them unless they execute a good bond to their children, conditioned on the preservation of the principal; in the event of their failure so to do, their shares are to be paid to a trustee, who will pay them the income therefrom as long as they live, and at their death pay the principal sum to their children. It is further adjudged that said sums may be invested in real estate with title in the daughters of Richard Hester for life with remainder to their children, in the event the daughters are unable to give the aforesaid bond and a trustee is appointed.' "

It was further stipulated:

"No appeal from this judgment was taken to the Court of Appeals by the guardian ad litem and no exceptions to same were taken by him. No guardian ad litem was appointed for possible unborn children of any of the daughters of Richard Hester. After the writing selling said land as aforesaid was executed it was agreed by defendant and Carter W. Eads as guardian of Betty Jean Eads and J. A. Freeman as guardian of his wards herein named that they should unite in said writing and sell to defendant whatever interest their wards might have in said land and they did so and then

and on the 9th day of October, 1937, the said guardians filed their action in this court wherein they sought the ratification by the court of their action in uniting in said sale to which action all of said infant defendants were made parties and they were duly summoned and a guardian ad litem regularly appointed for them and proof was taken showing that said tract of 136.6 acres could not be divided among its owners without materially impairing its value and the value of each owner's share and after a report filed by the guardian ad litem the case was submitted to the court and the following judgment rendered:

" 'This cause came on and was submitted to the court for opinion on the pleadings, exhibits and proof on file, and it appearing that all of the defendants have been duly summoned and that Pat Rankin, a regular practicing attorney of this court has been appointed guardian ad litem for them who has filed a report, stating that after a careful examination of the record in this case he is unable to make defense for his wards, and it further appearing from the proof on file to the satisfaction of the court that a sale of the land described in the petition is necessary for the reason that it cannot be divided without materially impairing its value, for which reason a sale of same is advisable and necessary, and that $52.50 per acre, the price for which said land sold, is a satisfactory price for same, it is therefore adjudged by the court that the action of Carter W. Eads as guardian of Betty Jean Eads, and plaintiff, J. A. Freeman, as guardian of Richard Freeman, Sarah E. Freeman, Virgie Freeman, Eugene Freeman, and Josephine Freeman, be ratified, approved and confirmed, the court being of the opinion that it is for the best interest of said wards to do so.'

"When the case was submitted Carter W. Eads, as guardian of Betty Jean Eads, presented the bond required by section 2150a of the Kentucky Statutes in the sum of $500 with W. B. Hester and Hugh B. Davis as sureties, and J. A. Freeman as guardian of Richard Freeman, Sarah E. Freeman, Virgie Freeman, Eugene Freeman, and Josephine

Freeman, presented a similar bond in the same amount, with E. B. Denham and R. B. Woods as sureties each of which bonds was approved by the court prior to the decision of the case and its approval endorsed thereon, and the clerk is directed to record same in the order book of the court, which has been done. The judgment also gives a description of the land as hereinbefore set out.''

When the purchase price of the land became due, all of the devisees of the testator, together with their husbands and wives, the guardians of the infant children, and all of the children who have attained their majority, executed and tendered appellant a deed of general warranty and purporting to convey the fee-simple title to the land, and demanded the purchase price thereof, $7,171.50, all of which appellant refused.

The plaintiffs prayed that in the event the deed passes a good fee-simple title to the land, appellant be required to accept same and that they have personal judgment against him for the amount of the consideration and costs, but that if the deed does not pass a fee simple title, that appellant be henceforth dismissed with his costs. The case was then submitted to the court upon the foregoing agreed facts, and the court entered the following judgment:

"The parties to this proceeding this day filed in open court an agreed case and the same was submitted to the court for opinion and judgment, and the court being advised, is of the opinion and adjudges that under the facts as agreed on that the deed heretofore tendered to the defendant, R. M. Powell, Jr., by the plaintiffs, passes a good fee-simple title to the land sold to him by the plaintiffs by written contract and defendant is directed to specifically perform the terms of his contract as set forth in said writing by accepting said deed and paying the plaintiffs the agreed purchase price, namely $7,171.50, but he will pay into court the shares of the married daughters of Richard Hester to be held until they comply with the judgment of this court rendered in the action of Richard Hester's devisees against Richard Hester's devisees construing the will of said Hester. It is adjudged

that plaintiffs named in the caption, recover of the defendant, R. M. Powell, Jr., the sum of $7,171.50. The said land is in Lincoln county, Kentucky, and described and bounded as follows:" (We omit description.)

Appellant excepted to the judgment and prayed this appeal, which was granted.

No unborn children who would be entitled to share in the property of the testator after their birth were in any manner parties to or represented in the action filed in the Lincoln circuit court on February 1, 1937, for the purpose of construing the will of Richard Hester. But even infants who were in esse and who were made parties to that action have the right to appeal from that judgment until a fixed period after they arrive at twenty-one years of age. Therefore, if it should be held upon such an appeal, if taken, that the judgment rendered in that action was erroneous, the title to the land would be affected to the extent of such error. But if the infants who were in esse and were made parties to that action could not appeal therefrom after the two years allowed for an appeal by an adult litigant, yet that two years has not yet expired and an appeal might be taken within the two-year period.

We are inclined to the conclusion, although not called upon to so determine at this time, that the judgment rendered in the action of February, 1937, construing the will, was erroneous in that it held that the terms of the will had the effect to equitably convert the testator's real estate into personalty, and that none of the devisees in the will took title to the real estate as such, but only in its proceeds. Furthermore, that judgment also held (possibly erroneously) that the life tenant in the proceeds could sell the land and convey the title of all future title holders therein.

We now come to a consideration of the question of whether the deed executed by the guardians of the infants in their behalf under section 2150a of the Kentucky Statutes conveyed the interests of all the infants in esse and in posse. The facts in the case of Vittitow v. Keene, 265 Ky. 66, 95 S. W. (2d) 1083, are in all substantial respects the same as those in this one, the only difference being that in this case there exists some

eventual remaindermen now in esse who take a fee-simple title, whereas, in the Vittitow Case none such existed at present, and such possible future fee-simple takers of the title were at the time not in esse and existed only potentially. We held that where such future takers were not in existence they were necessarily contingent remaindermen and could not be represented by a guardian so as to pass or convey their title under section 2150a of our present Statutes, and that the only way that they could be divested of their possible title would be in a proceeding for a decretal sale under the provisions of section 491a of our Civil Code of Practice.

It appears to us that the Vittitow Case, supra, is conclusive of this case.

It is the settled rule that specific performance will not be decreed even if it appears to be reasonably doubtful that the grantors can make a clear title, and a court of equity will not compel a vendee to accept a title about the validity of which there is doubt and which may involve him in litigation. Foster v. Armstrong, 239 Ky. 719, 40 S. W. (2d) 337; Williamson et al. v. Ingram, 243 Ky. 749, 49 S. W. (2d) 1005.

It is our conclusion that the deed tendered appellant does not convey an absolute fee-simple title to the property in question and the court erred in requiring appellant to accept the deed and perform the terms of the contract.

Judgment reversed.

Whole court sitting.