# Cini et al. v. Ball et al.

Nov. 28, 1941.

Charles B. Spicer for appellants.

J. C. Baker and William Sampson for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

Albert Smith, a citizen and resident of Harlan County, Kentucky, died in 1916, leaving his widow and four infant children, who were the plaintiffs below and are appellants here. He owned some real estate, a portion of the title to which was inherited from his father, and the remainder of the title was acquired by him from

his brothers and sisters, who were joint heirs of their father with him. The land as described in the petition consisted of two parcels, with no statement as to the acreage of either, but the descriptions indicate that neither of them was large, and the testimony in the case reveals that they were adjacent to some town and available for residence lots. The mother of Albert Smith was never assigned dower in her husband's real estate, and the land that her husband's heirs received under the laws of descent upon his death was incumbered by her dower rights, and which was true at the time of the judgment herein complained of and hereafter referred to. After the death of Albert Smith, his widow became entitled to dower in the land of which he died seized, and which, of course, was in addition to the dower right incumbrance of his mother.

Sometime following the death of Albert Smith, his widow married one W. M. Napier, who purchased the dower right of Smith's mother in the land he inherited, and as such he and his wife, as the owner of the second dower right in and to the land, filed an action in the Harlan circuit court on June 25, 1921, against the instant plaintiffs and appellants to sell the land for division of its proceeds, and which action is maintainable under the authority conferred by Subsection 3 of Section 490 of our Civil Code of Practice. No complaint is made against the sufficiency of the allegations of the petition in that case to *confer jurisdiction* upon the court to order the sale, if the facts stated were true. Therefore, if the sufficiency of the petition in that case were attacked in this one it would be without avail, since all allegations necessary to confer jurisdiction under that section were made by the plaintiffs in their petition therein. The defendants therein—as heirs of Albert Smith—were each infants under fourteen years of age at the time the action referred to was filed. The court later rendered a default judgment therein in accordance with the prayer of the petition, and ordered its master commissioner to make the sale, with certain directions therein, but which—as will later appear—are not necessary to be referred to or discussed in the disposition of the questions properly presented on this appeal.

When the infant heirs of Albert Smith (plaintiff and appellants herein and defendants in the division suit) arrived at the age of fourteen years, each of them

selected guardians who were duly appointed and qualified to act as such. They consisted of three girls and one boy, the latter of whom was the youngest, and all of them resided with their stepfather and mother following the date of her second marriage until they later acquired other homes. The two oldest daughters (after arriving at age and had married in the meantime) were paid— either through their guardians or the master commissioner who had collected the proceeds of the sale—their full portion of the proceeds of sale, after deducting costs and a calculated interest of the life incumbrances of the two widows in accordance with Wigglesworth's Mortality Tables, although they denied in the petition in this case that they were ever paid anything by anyone. The guardian of Lawrence Smith, the youngest heir of his father, Albert Smith, advanced money for the support, maintenance and education of his ward to the amount of the latter's entire interest in the proceeds of his father's realty, and which the guardian had collected from the master commissioner of the court who made the sale in the case referred to.

The third daughter of Albert Smith married a man by the name of Adams before she was twenty-one years of age, and at her instance he was appointed her guardian and qualified as such. He collected the amount of the proceeds due her from the sale of her father's real estate and invested it in the purchase of a farm to which he and his wife removed where they have continued to reside and raise their family. Such payments were made at different periods after the purchase money was collected by the master commissioner, and each guardian made settlement with his respective county court before the instant action was commenced.

The instant action was filed in the Harlan circuit court jointly by all of the four heirs of Albert Smith against the purchasers of the two described tracts hereinbefore referred to (there being separate purchasers of each tract), and against a number of their vendees to whom they had sold portions of the land that each of them purchased at the judicial sale. After setting out in due form the facts we have narrated, and averring that none of them had ever been paid any of the proceeds, this allegation is made "Plaintiffs say that the record in said action shows that the judgment for the sale of said property was and is void, *for the reason* that

no proof was taken, by interrogatories or otherwise, as required by the provisions of the Code in cases seeking the sale of infants' land, and said judgment was rendered by default. But they say that if the court should find that the sale is not void, they are entitled to a lien on the above described property, and to have same sold to satisfy their respective claims. They say that no part of either of said amounts set out herein and no interest thereon has ever been paid to them.'' (Our emphasis.)

They then prayed that the sale in the original action referred to—as well as the judgment rendered therein—be declared void, and they be permitted to recover title to the real estate attempted to be sold therein. They also made an alternative prayer, that they be declared a lien on the land sold in the former action for their respective, and as they alleged unpaid, portions of its proceeds, and that such lien be enforced in this action and for judgment against the defendants personally for such amounts. The separate answers filed by defendants contested the right of plaintiffs to any of the relief sought by them by their petition, and after proof taken and cause submitted the court dismissed the petition, to reverse which plaintiffs prosecute this appeal.

The brief filed by appellants' counsel is largely devoted to a discussion of the legal consequences of a failure to require the execution of the bond required by Section 493 of our Civil Code of Practice—it being argued by counsel that no bond was filed in the case in which the land was sold as therein required (but which assumed fact is not sustained by the proof) and that the judgment of sale was and is void. But an examination of the petition in this case demonstrates that all of that argument is wasted and need not be considered by us in the determination of this appeal, since no such failure is even alleged in the petition as a ground for this collateral attack on the judgment in which the land was ordered sold. The only fact that the petition contains as a ground for the invalidity of the attacked judgment is the one hereinbefore inserted, and which is—that no proof was taken or heard by the court before rendering it. The only question, therefore, to be determined is whether or not a failure to introduce proof of the indivisibility of the land that was ordered to be sold by the judgment referred to rendered it void and vulnerable to this collateral attack by plaintiffs, or whether such

failure was only an erroneous practice by the court—which acknowledgedly had jurisdiction of both the subject matter and the person of the litigants, which error, if one, could be corrected only by an appeal from the judgment, but not available on a collateral attack.

The provisions of Section 126 of the Civil Code of Practice require allegations against a defendant under disability—and against defendants constructively summoned and who do not appear—to be proved by the introduction of testimony and not to be taken as true on default; whilst Subsections 3 and 4 of Section 490 of the same Code permits the sale of infant's real estate for the purposes of division where one in kind could not be made, or if made it would materially impair the value of each share. In construing such provisions (of Section 490 of the Code) we have heretofore said in many cases that the indivisibility of the land necessary to authorize the sale for distribution among the owners, though infants, need not be proved where the facts pleaded make it reasonably clear that the element of essential indivisibility to authorize such a sale exists. Bond v. Dean, 223 Ky. 713, 4 S. W. (2d) 721, and Ohio Oil Co. v. West, 284 Ky. 796, 145 S. W. (2d) 1035. The appeal in that (Bond) case was a direct one. The sale of infants' real estate was involved and proof had not been taken, as required by the sections of the Code supra, upon the question of the indivisibility of the land so as to authorize the sale thereof for purposes of division, yet we held that—even as against infants—such necessary requirement need not be complied with if the pleadings furnished the necessary proof.

In this case the description of the land that was ordered to be sold in the judgment attacked indicates quite clearly that each parcel was small in area and that all the land was incumbered by the life interest of two widows, which each of them had the right to insist should be laid off to them if the land was divided in kind and not sold. Following such allotments, the portions of the four heirs of Albert Smith in and to the land would have to be made, but subject to such life rights of the two widows and which would create such confusion, as well as impairment of the interests of the heirs, as to render it absolutely necessary that the whole title to the property should be sold and proceeds divided, upon the ground that a division in kind would impair the

value of every joint owner's interest. It would be no difficult task to cite other cases declaring the practice as outlined in the Bond case, supra, many of which have been rendered, and a listing of them here could and would not add to the correctness of the principle.

But it is contended that a contrary holding was made in the case of Soper v. Foster, 244 Ky. 658, 51 S. W. (2d) 927, 930. However, a close reading of that opinion does not sustain that contention. It was there found that the pleading of plaintiff seeking the sale of the land was insufficient and so defective as not to give the court jurisdiction to order the sale. There was also the absence of proof heard and in finally disposing of the case the opinion said: "The insufficient pleading *and* absence of evidence did not authorize the court to render the judgment of sale. Having no power to do so, it follows the judgment is void." It was, however, said, following that language, "that in such cases if there was merely an irregularity in the practice which did not affect the power or jurisdiction of the court, the judgment and sale are not void. Clay's Guardian v. Rice, 172 Ky. 164, 189 S. W. 11." (Our emphasis.)

In that (Clay) case [172 Ky. 164, 189 S. W. 12], written by Judge Carroll for the Court, in considering the question of whether the sale there involved was void or only erroneous, the opinion said: "If, however, the sale was merely erroneous on account of some irregularity in the proceedings that did not affect the *jurisdiction* of the court" (our emphasis), it would not be void, and, of course, could not be collaterally attacked. Further along in that opinion the court declared the same rule of practice approved in the Dean and West opinions, supra, after discussing the sufficiency of the pleadings in that case and the non-observance of the Civil Code (Section 126) with reference to the introduction of testimony. It, therefore, is manifest that the only ground relied upon to support this collateral attack of the judgment of sale referred to is insufficient to sustain the prayer of the petition.

If plaintiffs desired to take advantage of the only error they rely on in their petition, it was their duty to seek relief after arriving at age under either or both of the provisions of Sections 391 and 745 of our Civil Code of Practice, by either appearing in the lower court within one year after arriving at age and moving to set

aside the judgment, or appealing therefrom within the same period. As we have seen, the youngest plaintiff in this case was more than three years past twenty-one years of age before this action was brought, and his co-plaintiffs were each older than he. Some argument is made that the payments to plaintiffs, as indicated, were less than the amounts to which they were entitled, but if true (but which the testimony does not appear to sustain) then neither defendants as purchasers at the judicial sale, nor their vendees, are responsible for such deficits in payment, if any, since the judgment under which the purchases were made was not void, as we have seen, for the reason argued by counsel (because of total absense of pleading and requisite proof) and when the sale bonds were paid they (purchasers) were entitled to and did obtain an unencumbered title, and were not required at their peril to look to the proper disposition of the proceeds of sale. The only persons, therefore, who could be made answerable for such deficits in payment, if any, would be the master commissioner, or particular guardian making the payments and not the purchasers of the land.

Wherefore, the judgment is affirmed.