## Adams et al. v. Security Trust Co. et al.

May 10, 1946.

·Chandler & Rouse for appellants.

Hunt, Kessinger & Lisle, C. M. Harbison and E. C. O'Rear for appellees.

OPINION OF THE COURT BY JUDGE SIMS—Affirming.

John B. Gorham, a resident of Fayette County, died

on July 1, 1943. His will which was probated the following week devised a farm of 144 acres to the Security Trust Company of Lexington, as trustee, to hold an undivided one-half interest therein for the benefit of John W. Marr for life, with the remainder to his children; an undivided one-fourth interest for the benefit of W. C. H. Wood, Jr., for life, with remainder to his children; and an undivided one-fourth interest to Elizabeth Clark Wood Mahoney for life, with remainder to her children. The will provided that should neither Wood nor Elizabeth Mahoney leave issue, his or her part shall go for life to the survivor of the two, and at the death of such survivor, it shall go to Marr for life, with remainder to his children. It is further provided in the will that neither the trustee nor the life tenant shall sell or mortgage the property.

Marr is living and has four children, Maybelle, over 21 years of age, Nancy, Martha and Mary, each under 14 years of age. Wood is living and has three children, Thomas, Robert and William, all under 14 years of age. Elizabeth Mahoney has no children.

On February 21, 1945, the trustee entered into a contract with appellants, Charles W. Adams and G. W. Greenup, by which it sold them this farm at $300 per acre, and it instituted this suit under the Act of 1882 (which is found immediately following sec. 491 of the Civil Code of Practice) to have the chancellor approve the sale and for reinvestment of the proceeds. There were averments in the petition, supported by proof, that it was to the benefit of all the owners, both present and remote, that the land be sold and the proceeds reinvested. Judgment was entered approving the sale and directing the reinvestment of the proceeds. While the purchasers are willing to carry out their contract, they prosecute this appeal and ask us to determine whether or not the proceeding was regular and vests a good title in them.

These questions are raised in appellant's brief: 1. Are all necessary parties before the court? 2. Can an action properly be brought under the Act of 1882 to have the chancellor approve a private sale? 3. Was the proof sufficient to sustain the sale in face of the provision of the will forbidding a sale? 4. Was the reinvestment of the proceeds in United States Government Bonds proper?

The petition was filed by the trust company as trustee under the will against the various beneficiaries, but instead of making the infants parties and bringing them before the court as is provided in sec. 52(1) of the Civil Code of Practice, it merely named their guardians as defendants. A guardian ad litem was appointed, and the fathers of the infants as their natural guardians attempted to enter the appearance of their wards by filing answers for them confessing the averments of the petition. It is correctly insisted for appellants that the appointment of the guardian ad litem was unauthorized under sec. 38 of the Civil Code of Practice, because at the time he was appointed the infants had not been summoned as provided by sec. 52(1), and that neither the guardian ad litem (Walker v. Perkins, 256 Ky. 442, 76 S. W. 2d 251) nor their fathers (Herr v. Humphrey, 277 Ky. 421, 126 S. W. 2d 809, 121 A. L. R. 954) can enter the appearance of infants in this character of action which is different from one brought under sec. 490, where the guardian may enter his infant ward's appearance. Ellis v. Smith's Guardian, 147 Ky. 99, 143 S. W. 776; Smith v. Smith, 255 Ky. 191, 72 S. W. 2d 425.

The appellant purchasers intervened and filed a special demurrer calling attention to the fact that the infants were not made parties and that the appointment of the guardian ad litem should be set aside as being premature under sec. 38. Thereupon, the chancellor set aside the appointment of the guardian ad litem and permitted an amended petition to be filed in which the infants were made defendants and brought before the court by summons served upon their respective fathers as is provided in sec. 52(1), and the guardian ad litem was reappointed and filed answer. In a supplemental brief, appellants explained that they did not have the entire record before them when briefing the case and that the bringing of the infants before the court as required by sec. 52(1) is shown in the supplemental record filed in this court.

This action was correctly brought under the Act of 1882, the applicable part of which reads:

"Trust estates with remainder; sale of; investment of proceeds; improvements; taxes; insurance.

"That when lands are held in trust by one person for the life of another, with remainder over to a class

of persons, or to any person not ascertained or to be ascertained until the death of the person upon whose life such estate for life is made to depend, * * * It shall be competent for the circuit court or courts of like jurisdiction in the county in which such land or a part thereof is situated, in an action to which all persons having a present or vested interest in such land are parties, to direct the trustee to either sell or mortgage such land; but in all actions it must be averred and proven to the court that such sale or mortgage would be beneficial to all the parties concerned, and facts showing such benefits must be alleged and proven. * * * The proceeds of the sales authorized by this section shall be paid into court, and shall be reinvested by the court after first having, by appropriate order, provided for the payment of the costs and taxes, if any, in other property to be conveyed and held subject to the same limitations and trusts as the land sold was held. * * *''

The situation confronting us falls directly under the quoted part of the Act, as the trustee held the land for the benefit of the life tenants with remainder over to a class of persons (their surviving children) who cannot be ascertained until the death of the life tenants. In Noel v. Harper, 170 Ky. 657, 186 S. W. 503, on a similar state of facts we said the action could have been brought under the Act either for a judicial sale, as in Craig v. Wilcox's Ex'r, 94 Ky. 484, 487, 22 S. W. 76, 14 Ky. Law Rep. 908, or for the approval of a private sale, as in Burge v. Fidelity Trust & Safety Vault Co., 112 Ky. 683, 66 S. W. 763, 23 Ky. Law Rep. 1925. For a scholarly discussion of a sale under the Act of 1882 the reader is referred to Rodes' Judicial Sales of Real Property, pp. 146-156.

It is insisted for the appellants that under Powell v. Hester's Devisees, 271 Ky. 838, 113 S. W. 2d 456, which followed and approved Vittitow v. Keene, 265 Ky. 66, 95 S. W. 2d 1083, that the chancellor cannot approve a private sale where the title of contingent remaindermen was to pass. It is significant that those actions were brought under sec. 491a and not under the Act of 1882, hence they have no application to this action and they do not overrule the authorities referred to in the preceding paragraph authorizing the chancellor to approve a private sale in an action brought under the Act of 1882.

Appellants point out that in Kelley v. Marr, 299 Ky. 447, 185 S. W. 2d 945, we had this same will under consideration wherein the guardians of the infants brought suit against the trustee under sec. 489, as amended by Acts 1944, c. 20, to sell an indivisible farm of 552 acres and reinvest the proceeds. We are asked how we could approve that sale under sec. 489 and say here that the trustee may bring this action under the Act of 1882 involving a sale of land under the same will. The answer is simple. In the Kelley case the action was not brought by the trustee but by the *guardian*, as is provided by sec. 489(2), as amended in 1944 (1945 Supplement Carroll's Kentucky Code), while the instant action was brought by the *trustee*, as is provided in the Act of 1882. The two actions were brought by entirely different plaintiffs, under entirely different statutes, albeit each sought a sale and reinvestment upon the same ground. It is not unusual for different statutes to prescribe different routes to be traveled by different parties, although each route leads to the same goal.

The petition alleges, and the proof shows, that a sale of this property and reinvestment of the proceeds was for the benefit of both the life tenants and the remaindermen. We will not take the time and space necessary here to review the evidence, as it will suffice to say that it was practically the same as that set out in the Kelley case, 299 Ky. 447, 185 S. W. 2d 945, (paragraph 2, page 947) where it was said the proof sustained the chancellor's judgment directing a sale of the farm and reinvestment of the proceeds.

There is no merit in the contention that as the will forbade a sale of this property by the trustee or any of the beneficiaries during their lives, the court cannot decree or approve a sale thereof. As was written in Consolidated Realty Co. v. Norton's Trustees, 214 Ky. 586, 283 S. W. 969, 972, the testator's inhibition against a sale must yield to the statute in existence at the time he made the will. Here, the statute is the Act of 1882, which provides that trust property may be sold. This same question was decided adversely to appellants in the Kelley opinion, 299 Ky. 447, 185 S. W. 2d 945, and it was there pointed out that the 1942 amendment (Chapter 137, Acts of 1942, sec. 4, p. 610) repealed sec. 492 of the Code which provided there shall be no sale ordered by court where forbidden by the deed, will or contract under

which the property is held, unless there was a change of condition which made the sale and reinvestment materially beneficial to the grantees or devisees.

Here, the chancellor directed that after the payment of the costs, the net purchase price of the farm, $41,382.45, be paid to the clerk of the court who should invest same in 2½% coupon United States Government Bonds and then deliver them to the trustee to hold for the benefit of the devisees as provided in the will. The judgment further recited that the trustee, with the court's approval, could change the investment and reinvest the proceeds as the court may direct. Appellants argue that this amounted to turning the proceeds of the sale over to the trustee and if it should not properly account therefor, the infants could look to the land. The Act of 1882 provides that the proceeds of the sale shall be paid into court, and after the payment of costs, shall be reinvested by the court, subject to the same limitations and trusts as the land sold was held. The chancellor followed this provision of the Act to the letter. We can see no objection to the court reinvesting the proceeds in 2½% United States Government Bonds, which is as safe an investment as can be found, and is one which the proof shows has a net return greater than that produced by the farm. Should a propitious opportunity arise, the chancellor may direct a sale of these bonds and order their proceeds reinvested in real estate.

While true in Bullock v. Gudgell, 117 Ky. 288, 77 S. W. 1126, it was written that where the trustee fails to account to the infants they could look to the land. But there the court erroneously directed the purchaser to make payment to the trustee, while here, the money was paid into court and the chancellor ordered it invested in United States Government Bonds. In the instant case the judgment was regular in every respect and as was said in Cini v. Ball, 288 Ky. 471, 156 S. W. 2d 486, the purchasers are not required at their peril to look to the proper disposition of the proceeds. Under KRS 287.220, the capital stock of the Security Trust Company guarantees the faithful performance of its duties as trustee, and the chancellor or beneficiaries may demand additional security. So the purchasers have nothing to worry about on this score.

The judgment is affirmed.