## Childers v. Welch et al.

May 9, 1947.

Chester D. Adams, Judge.

Grover C. Thompson for appellant.

William H. Cecil for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

On and long prior to December 25, 1945, Mary M. Welch and her husband, Clark Welch, owned equally and jointly a somewhat aged residence located on a lot at the corner of Upper and Maxwell Streets in the city of Lexington, Kentucky.

Mary Welch died on the day indicated above, leaving a will in which a number of bequests of her personal property were made, none of which are involved in this case. She devised and gave directions with reference to her real property in clauses V and VI of her will. The first one, "V," devised to her husband, Clark Welch, for his life all of her real estate that she might own at the time of her death wheresoever situated. After his death she devised the same property to her only child, Howard Welch, who was unmarried, without issue, and who resided with his parents. After his death she directed that her real estate should go "to any heirs of his body, but if none, then the remainder interest shall be divided equally between my sisters and brother. If any of them be dead at my death then their children shall receive such share, but if any sister or my brother shall have no living children, then such share shall vest in my surviving sisters and brother and their children."

Clause VI of her will says: "As to the real estate hereby devised, if by the exercise of good business judgment, a sale and reinvestment be advantageous to the present estate and the ultimate beneficiaries, I authorize such sale by my husband and son, if they mutually agree thereto, on the death of either, the survivor shall have such authority alone. The proceeds shall be immediately reinvested in other real estate or securities which would meet the requirements of the laws of Kentucky for the investment of trust funds with title taken in accordance with the terms of this will."

On July 17, 1946, the surviving husband and son entered into a written contract to sell privately the aforesaid residence to the appellant, S. M. Childers, for the price of $11,500, but he declined performance of that written contract until the right of his vendors to sell the property privately had been determined by the courts. Whereupon, under a written agreement between him and his vendors, the latter and all other living heirs

of Mrs. Welch, the testatrix, filed this declaratory judgment action against appellant in the Fayette circuit court to obtain a construction of the will of the testatrix, and an adjudication as to whether or not it authorized her husband and son, her only child, to privately sell the property to appellant and convey him a perfect title by a deed executed by themselves alone.

There was some proof taken on the issue as to whether or not the income from any reasonable reinvestment would equal that obtained from the rental of the property in its present condition, which we are inclined to think was immaterial in view of the absolute power of sale given to her husband and son in Clause VI of her will. But if such proof were necessary as a condition precedent to her husband and son exercising that power, then we construe the testimony sufficient to authorize the sale for reinvestment purposes. It showed that the building on the lot (the lot being 40 feet wide and 150 feet long) was not only old but considerably dilapidated and rapidly depreciating in value. Upon final submission the court adjudged the right and authority of the husband and son under the power given them by provision VI of the will of testatrix to convey a good title to the appellant, and from that judgment he prosecutes this appeal.

Learned counsel for appellant contends that the power of private sale herein attempted to be made by the contractual vendors cannot be made by them without a decree or judgment of court, and he cites as authority for that contention the case of Adams v. Security Trust Co., 302 Ky. 287, 194 S. W. 2d 521. But in that case the will of the testator expressly forbade any such sale. Therefore, if one could be made at all it was by the trustee provided in the will involved in that case, in which we held that the latter (trustee) could procure a judicial sale of the property there involved under the provisions of an act of the Legislature of 1882, a part of which is inserted at the end of section 491 of our Civil Code of Practice. After citing the Adams case on the point indicated it is then contended by appellant's counsel that under the cases of Vittitow v. Keene, 265 Ky. 66, 95 S. W. 2d 1083, and Powell v. Hester's Devisees, 271 Ky. 838, 113 S. W. 2d 456, a decretal sale is required in this case in order to pass title and that it was there-

fore necessary that the unborn contingent remaindermen of any issue that might be born to the son, Howard Welch, should have been made parties to the action.

One possible answer to this contention is that even if it should be interpreted that the donees of the power to sell the property, which the testatrix gave in her will to her surviving husband and son, could not be exercised by them without the approval of a proper court, then such contingent unborn remaindermen were before the court in this case under the doctrine of "virtual representation" as expounded in the cases of Middleton v. Graves, 229 Ky. 640, 17 S. W. 2d 741, Masonic and Widows and Orphans Home and Infirmary v. Hieatt Bros., 197 Ky. 301, 247 S. W. 34, 35, and numerous other cases wherein that rule of practice was upheld and applied.

The last-cited case, as we interpret it, completely sustains the theory that contingent remaindermen not in esse are brought before the court in a case to which all living interested persons were parties, as is the case here. But should the doctrine not be applicable to the facts of this case, then the judgment appealed from would still be correct, since the proposed sale by the husband and son of testatrix to appellant is expressly and specifically directed under the power given to them in clause VI of her will. Such powers of sale are now and always have been sustained by courts, including this one, in the cases cited post for the simple and manifest reason that the donor of the power, whether by deed or will, has the right to confer it upon those whom he or she is willing to trust with its exercise. It is so held because the maker of such instruments has the right to insert therein any qualifications or provisions, not inconsistent with any declared public policy that the donor sees proper to make. The rule is universal that instruments conveying title to property, including real estate, whether it be a deed or a will, are never finished until the makers of them have ceased directing what shall be done with the property involved and have signed the document.

It is an outgrowth of the doctrine that "the four corners" of such instruments shall be looked to in order to ascertain the intention and purpose of the makers,

and all provisions therein will be given effect, except when forbidden by a positive provision of law, the violation of which would be against public policy. The power of sale here involved is not so forbidden, and when testatrix finished her will the contingent interest of unborn heirs to take, if the contingency happened, the identical property devised, was transferred and attached to any property that became substituted under the directions of the will for the property originally devised by the directed reinvestment of the proceeds of the sale under the given power if exercised.

What we have just said needs no substantiation by the citation of supporting cases or texts, but if such were necessary, we, in the case of Betty v. Petrie, 138 Ky. 426, 128 S. W. 320, 323, where a power of sale was given by the will, said: ''The judgment was unnecessary, as it merely directed the administrator to do what he was authorized by the will to accomplish, and, under that instrument, he might also have conveyed the land by deed after selling it, but he could also convey it through a commissioner of the court's appointment, and therefore the deed made by the latter passed a good title to the purchaser.''

The right to exercise the power of appointment in the will by the donee, without resorting to court, is also upheld in the case of Buckner v. McEldowney's Ex'r, 280 Ky. 14, 132 S. W. 2d 330.

The case of Haggin v. Straus, 148 Ky. 140, 146 S. W. 391, 393, 50 L. R. A., N. S., 642, involved the right of an executor to sell the property of the testator under a power given in his testator's will, and this court held that he could make the sale privately and that it need not rest upon authority conferred upon him by the court, but ''upon the authority given him in the will.'' The court in reaching that conclusion said in its opinion: ''We are of the opinion that clause five of the will clothed the executor with ample power to make said sale. The chancellor evidently took the same view, because he directed the executor to sell, 'under the authority and responsibilities conferred upon him by the will;' so that when he acted, it was not upon the authority conferred upon him by the judgment, but rather upon the authority given him in the will. The judgment of the chancellor

was merely advisory, as it were, a construction of clause five of the will, and it was not necessary that the sale, when made to Straus Brothers, should have been reported to court at all; * * *."

Text authorities are also to the same effect, as will be seen in ruling case 11 R. C. L. 401, sec. 485, and 21 A. J. 773, sec. 697. Our conclusion, therefore, is that the court could have rendered no judgment except the one from which this appeal is prosecuted, and for which reason it is affirmed.