## Horn v. Montgomery et al.

June 20, 1947.

Franklin P. Stivers, Judge.

Lewis & Weaver for appellant.

Allen Harrison for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

McLean Gipson, residing in Jackson County, Kentucky, died intestate on December 24, 1914, leaving surviving him his widow, Sylvania Gipson, and an infant female child, Laura Bell Gipson, then about one year of age, who is now the appellant, Laura Bell Horn.

McLean Gipson owned a tract of land in Jackson County, containing 25 acres, more or less, lying and being mostly, if not entirely, on a mountain side, a considerable portion of which was cleared and had been in cultivation for a number of years. The soil was pretty much destroyed by erosion. There was a dilapidated house located on the tract, but it had ceased, as we gather from the record, to be in condition for occupancy, and was vacant.

The mother, Sylvania Gipson, qualified as guardian for the appellant, her then infant child. On June 20, 1916, the mother filed an equity action in the Jackson circuit court to sell the tract of land for reinvestment, alleging that the dilapidated land was such as that she could neither live upon it nor operate it to any advantage for herself or child. The court upon the filing of the petition, which contained the requisite affidavit of Mrs. Gipson, appointed one Baker guardian ad litem, but it does not appear that any summons for the infant was served upon him until after the judgment was rendered in January, 1917. However, in the meantime, he had filed a report as required by law, saying that he had no affirmative defense and coinciding with the prayer of plaintiff's petition in that action, which is referred to in this record as action 791.

Mrs. Gipson gave her testimony in that case and her testimony substantiated the averments of her petition. The court rendered judgment sustaining the prayer of the petition and directed the commissioner of the court to make the sale which he did and filed his report thereof, which was confirmed. At that sale one G. R. Montgomery became the purchaser, and a deed was made by the Master Commissioner conveying to him the tract of land, followed by his taking possession thereof, which he continued to hold under a claim of exclusive title adverse to the interests of all other persons until his death occurring some time before the instant action

was filed, which was on March 22, 1945. The date of his death is not disclosed by the record.

The instant action was filed on the date mentioned, in the Jackson circuit court by appellant, Laura Bell Horn, against appellee, H. G. Montgomery, et al., successors in title to the land purchased by their ancestor, G. R. Montgomery, by which she sought to recover the tract of land upon the alleged ground that the action under which it was sold in action 791 was void, because, as she alleged, she was never summoned in that action and was never in any manner brought before the court, though she admits that a summons was served on her guardian ad litem in that action but that it was done after he was appointed as such and had filed his report, which, of course, was irregular and, perhaps, invalid. However, the record discloses that a summons was issued in that action and executed on July 18, 1916, by delivering a copy thereof to Jack Gipson, and it is furthermore disclosed in defendants' pleading that at that time appellant was living at the home of her uncle, Jack Gipson, and was in his custody, she then being 3 years old.

That service under the provisions of section 52 of our Civil Code of Practice was, under the facts disclosed, sufficient to bring the infant before the court. The court dismissed appellant's petition to reverse which she prosecutes this appeal.

The answer of appellees interposed as one defense to the action the statute of limitations. The fact upon which that defense is made is undenied anywhere in the record. It is not disclosed upon what ground the court dismissed the petition, i. e., whether appellant was properly before the court in case 791 of the Jackson circuit court under the judgment in which the land was sold, or whether the judgment was based on the limitations pleas. We will now discuss each of them.

Considerable argument is made as to what statutory authority, under which and by virtue of which, the land was sold in action 791, i. e., whether under sections 491, 491a or the act of 1882, all of which are discussed and their distinctions pointed out in the case of Adams v. Security Trust Co., 302 Ky. 287, 194 S. W. 2d 521.

From the condition of the record as above outlined, the only possible error in the practice of action 791 was the execution of the summons on the guardian ad litem after the judgment was rendered, although he was appointed and filed his report before its rendition. However, Jack Gipson, the one who then had custody of the infant defendant, (now appellant) was summoned nearly 6 months before the judgment was rendered in that action and which, we think, eliminates the entire theory of appellant to the effect that the judgment of sale rendered therein was void.

However, if it should be conceded for the purposes of the case that the action under which the sale of the land was made was not practiced in all respects so as to make the judgment of sale valid, then it is undoubtedly true that the defense of limitation pleaded to the instant action constitutes a complete defense. Section 413.020 of KRS says: "If, at the time the right of any person to bring an action for the recovery of real property first accrued, he was an infant or of unsound mind, he or the person claiming through him may, though the period of fifteen years has expired, bring the action within three years after the time the disability is removed."

That section is section 2506 of Carroll's Kentucky Statutes, and it was upheld and applied under similar facts by this court in the case of Parsons v. Justice, 163 Ky. 737, 174 S. W. 725. However, we do not need the aid of our opinion in that case, since the language of that section is plain and unambiguous, with no exceptions or qualifications.

Appellant became 21 years of age in 1935. Under the above inserted KRS section she had three years thereafter in which to file her action to recover the land if she could allege and prove that the judgment and sale in the original action (791) was for any reason void. But she did not file her action (the instant one) until 10 years after she became of adult age, or after the lapse of seven years from the time within which the statute permitted her to do so.

It therefore follows that the court did not err in dismissing the petition, and its judgment in doing so is affirmed.